DUDLEY S. JENNINGS *vs.* JOSEPHUS LOVE, Administrator.

Where the words of a statute are not explicit, the intention is to be collected from the context, the necessity of the law, from the mischief felt, and the object in view.

*Dowell* v. *Webber, administrator,* 2 S. & M. 452, cited and confirmed.

The period of nine months given by the statute to executors and administrators, within which they could not be sued, is not to be computed as any part of the additional year given to the creditors of decedents within which their claims are not barred.

This period of time creates a statutory disability which was not intended to operate to the injury of the creditor.

One year is allowed by statute after the act of limitations commences running, exclusive of the nine months within which to bring suits against the representatives of deceased persons.

IN error from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

The opinion of the court, and the points made by counsel, contain a sufficient statement of the facts of the case.

*Miles & Battaile,* for plaintiff in error.

The account was regularly proved before the probate court, and probated. Plea of non assumpsit.

Plaintiff proved by Austin Morgan, that the said Asa Love in his lifetime boarded and lodged from about the 1st May, 1843, to the 1st March, 1844, with the said plaintiff, at the house of plaintiff, in Jackson; that about $20 per month was about the usual rate at Jackson, Miss., during that time —

whether Asa Love had his washing done, he does not know; that the said Asa shortly after March, 1844, left the house of the said plaintiff, and never has returned; a few months after he left was reported to be dead, and is now reputed and believed to be dead ; that said Asa, when he boarded with said plaintiff, was a grown man. Witness did not know whether there was any contract for board or not. That on the 27th May, 1847, appellee took out letters of administration on the estate of said Love.

The plaintiff, by attorney, then asked the court to instruct the jury, that if they believed from the evidence that the defendant qualified as administrator of Asa Love on the 27th May, 1847, that the plaintiff is by law entitled to nine months over and in addition to the limitation of three years, and one year because of the death of the debtor, to be excepted out of the alleged period of limitation of the action set up as a bar in this case. Which instruction the court refused.

The defendant, by his attorney, asked of the court the following instruction: " That if the jury believed that the cause of action accrued more than four years before the commencement of this suit, then it is barred by the statute of limitations, and they must so find for the defendant." Which instruction the court gave.

On the statute of limitations, the law is certainly for the plaintiff. It is certain plaintiff should have succeeded. Three years are fixed as the limitation in action of an open account. And a decision of this court on the statute prohibiting an action against an executor or administrator until nine months after the executor or administrator qualified, is cumulative, and to be added to the general statute. A later statute provides, that, in case of the death of the debtor, one additional year shall be added.

The evidence fully establishes the account. And it had also been before fully proved, examined, and allowed, by the probate court.

A new trial should have been granted ; it was a clear case of surprise, and the plaintiff made affidavit of newly discovered

Jennings *v.* Love, Administrator.

evidence. Both of which grounds were amply sufficient. *Berry* v. *Hale*, 1 How. 315; 7 How. 365; 3 Kelly, 310; 7 B. Mon. 124; 3 Scammon, 486; 4 Blackf. 308; 1 Scammon, 491.

*R. S. Holt*, for defendant in error.

The record presents three questions for the consideration of the court.

1. Was the plaintiff entitled to a new trial on his affidavit of newly discovered evidence?

2. Did the circuit court err in refusing to instruct the jury as requested by the plaintiff?

3. Did that court err in giving to the jury the instruction asked by the defendant?

1. The affidavit is fatally defective: First, because it alleges no diligence on the part of the plaintiff in endeavoring to obtain evidence to meet the defence, before the trial. The necessity for proof to withdraw the claim from the operation of the statute of limitations was apparent on the face of the account itself. 6 S. & M. 723; 7 Ib. 270; 4 Ib. 13. And, secondly, it was defective, because it was not accompanied by the affidavit of the witness, and disclosed no reasons to excuse the omission. 2 How. R. 772, 891.

2. The instruction asked for by plaintiff should have been refused for three reasons: First. The claim was barred by the 4th section of the act of 1844, page 830 of Hutch. Code, and not under the 10th section of that act, as assumed by the instruction. The suit is an "action upon the case (in assumpsit) for the recovery of money," within the language and meaning of the 4th section, and is not founded on any of the causes of action enumerated in the 10th section.

The 10th section gives the creditor four years within which to bring his suit for any of the causes of action enumerated in it; provided the debtor dies within three years next after the cause of action accrued. The 4th section, governing this case, contains no such proviso.

Secondly. The additional year given by the 10th section, on the death of the debtor, was manifestly designed as the only

addition which should, in that event, be made to the three years' limitation prescribed, and not as a period additional to the nine months given before, by construction, after the grant of administration. Thirdly. There was no proof that the deceased died within the three years next after the right of action accrued. This was necessary under the 10th section. There is no proof of his death at any definite period anterior to the grant of administration on his estate, and this was some time after the expiration of three years. There was no evidence, therefore, on which the instruction could be predicated.

Thirdly. The instruction given at the instance of the defendant was correct. The four years embraced the three years and nine months, if the case was to be governed by the 4th section, and the three years before the death and one year after, if the case was within the operation of the 10th section.

We, for these reasons, think that the judgment of the circuit court should be affirmed.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of assumpsit founded upon an open account against the deceased, Asa Love, and due in March, 1844, in favor of the plaintiff in error.

The action was commenced in the circuit court of Yazoo county on the 21st of October, 1848, and the defendant on the trial relied on the statute of limitations, as a defence to the action. The instruction asked by the plaintiff and refused by the court, and the one given on behalf of the defendant, constitute the errors which we will examine.

The instruction asked by the plaintiff is in these words: " That if they believe from the evidence that the defendant qualified as administrator of Asa Love, deceased, on the 27th May, 1847, that the said plaintiff is by law entitled to nine months' time over and in addition to the limitations of three years, and one year, because of the death of the debtor, to be excepted out of the alleged period of limitation of the act set up as a bar to this action." The object of this instruction was to bring the case within the operation of the 10th section of Hutch. Code, p. 831, which, after requiring certain actions to be

commenced within three years next after the cause of action accrued, and not after, is as follows: " Except that in case of the death of the creditor or debtor, the further time of one year from the death of such creditor or debtor shall be allowed for the commencement of the suit," &c. The objection to this instruction is, that it assumes a proposition to be true, which the law will not sustain. It assumes, that if the debtor died at any time before the expiration of the term of three years, the limitation was four instead of three years. The statute will not bear this construction. To bring a case within the exception, the creditor or debtor must die at some period during the third year of the limitation. If he die before the expiration of two years, the exception cannot be made to apply to such a case, because the suit is to be commenced within one year from the death; and if two years had not elapsed from the time of the cause of action, the ordinary term of three years' limitation would not be allowed. Whether a case falls within the exception or not, is a question of fact, to be determined by the jury from the evidence introduced on the trial. Whether the death of the debtor will give the plaintiff four years in which to commence his suit, depends upon the exact time the death occurs. If it occur on the day before the three years' bar would be complete, then the plaintiff would gain the full benefit of the exception, by having another year added to the three years; but in no other way can he attain this advantage. The instruction proceeds upon a different view of the law. It asks the court to instruct the jury, that if the defendant qualified as administrator on the 27th of May, 1847, then the plaintiff is entitled to nine months in addition to the three years, and one because of the death of the debtor. To make this instruction correct, the proof must establish the case we have put: that the debtor died on the last day of the three years. No such proof appears in the record, and no such presumption could arise from the fact that the defendant qualified as administrator on the 27th of May, 1847. The instruction was, therefore, erroneous, and the court did right in refusing it.

The defendant's instruction is in these words: that if they believe that the cause of action accrued more than four years

before the commencement of this suit, then it is barred by the statute of limitations, and they must find for the defendant. This instruction necessarily makes the nine months in which the plaintiff was restrained from suing, part of the one year allowed under the exception in case of the death of the debtor. The question by the plaintiff's and defendant's instruction was by the court excluded from the consideration of the jury, as to the time the debtor died. The evidence might have warranted them in finding that he died after the expiration of two years, and at some period during the third year, thus entitling him to the additional year from the death, as contemplated by the statute, within which to bring suit. Is the period of nine months, during which no suit could be commenced, to be computed as part of this additional year? In deciding on this point, we assume that the debtor died during the third year after the cause of action accrued, and that the creditor was thus entitled by the words of the act to an additional year from that time, within which to bring his suit.

In the exposition of a statute, the intention of the law-maker, when ascertained, will prevail over the literal sense of terms, and its reason and intention will prevail over the strict letter. When the words are not explicit, the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the remedy in view; and the intention is to be taken or presumed according to what is consonant with reason and good direction. 1 Kent's Com. 461.

With these rules before us, let us examine the statute in question, and determine whether the nine months, within which the plaintiff was restrained from suing, shall be computed as part of the year allowed in case of the death of the debtor. The suit is to be commenced within one year from the death of the debtor. This language is not more definite than that requiring the suit to be commenced within three years after the cause of action shall have accrued, and not after; or the language in the old statute requiring an action on a promissory note to be commenced within six years after the cause of action shall accrue, and not after. A question identical with the one now before us, arose in this court, at its January term, 1844; in deciding

Jennings *v.* Love, Administrator.

which the court used the following language : " The intestate died after the maturity of the note, and the general rule is, that when the statute once commences, it runs on, notwithstanding any subsequent disabilities ; yet when the disability grows out of some positive statutory provision, it seems but right to exclude the time during which such temporary disability continues, from the computation." 2 S. & M. 452. This decision settles the question before us, and under it the period of nine months should not be computed as any part of the additional year allowed in case of the party's death. The reason of the rule is, that the plaintiff is by law restrained from suing or asserting his right during this period. He cannot be more diligent than the law will allow him, and is, therefore, only obeying its mandate in not pursuing his remedy.

But it is said that the language of the statute requires the suit to be commenced in one year from the death of the party. This is true ; and it is also true, that it requires certain actions to be commenced within three and six years from the time the cause of action accrued. Yet the court held that the statute did not run during the nine months in which suit could not be commenced.

The statute must be construed with reference to the necessity of the law, the mischief felt, and the remedy in view. Our first inquiry must, therefore, be to ascertain the mischief felt. Certain rules of law have long ingrafted themselves upon the statute of limitations, not the least of which is the one, that when it commences, " it runs on, notwithstanding any subsequent disability." It frequently happened that a party died at a time when the bar was nearly complete, and which became complete before administration could be granted on the estate of the deceased. In such cases the statute continued to run, and often constituted a bar to a just claim, when suit could not have been at an earlier period commenced, because there was no one in law able to sue, or liable to be sued. The operation of this rule in such cases, was the evil which the legislature desired to remedy, and hence the exception in the 10th section. The mischief found a remedy, not in abolishing or changing the rule by the legislature, but in extending the limitation. If

the debtor or creditor died before the expiration of two years, there was still another year in which the plaintiff could assert his rights. If the death occurred after the expiration of the two years, still but one year was allowed for the creditor to use the proper diligence to have a representative of the deceased appointed; and if he permit this period to elapse without having a representative liable to suit appointed, his claim is then barred. The case, then, stands as it did under the old statute, when, if the bar became complete before the appointment of the proper representative, the creditor's remedy was gone. The period of nine months can only be deducted in those cases, where the law restrains the creditor from suing the executor or administrator.

Judgment reversed, and cause remanded.