Wilkinson *v.* Moore.

---

GEORGE B. WILKINSON, Judge of the Probate Court, &c., *v.* MARY MOORE, Administratrix.

The nine months within which executors or administrators cannot be sued, should not be computed as any part of the time of limitation under the act of 1844, limiting the period within which suits may be brought against parties, so far as it applies to suits against executors and administrators. *West Feliciana Railroad* v. *Stockett,* 13 S. & M. 896; *Jennings* v. *Love,* 24 Miss. 249, cited and confirmed.

IN error from the circuit court of Madison county; Robert C. Perry, judge.

The opinion of the court contains the facts of the case.

*N. G.* and *S. E. Nye,* for appellant,
Cited *West Feliciana Railroad* v. *Stockett,* 13 S. & M. 296.

31*

Wilkinson *v.* Moore.

*Yerger* and *Rucks*, for appellee,
In reply, cited Hutch. Code, 841; Ib. 827.

Mr. Justice HANDY delivered the opinion of the court.

The sole question presented in this case is, whether in an action against an administrator, founded on a cause of action against the intestate, to which the statute of limitation of four years was pleaded under the twelfth section of the act of 1844, a replication that the action was commenced within four years and nine months from the qualification of such administrator, is a sufficient answer to the plea; in other words, whether in addition to the four years mentioned in that statute, the further time of nine months within which to commence the suit is to be allowed.

The principle on which this depends has been settled by this court, in *Dowell* v. *Webber*, 2 S. & M. 452, which holds that the statute exempting administrators from suit until the expiration of nine months from the grant of administration, is to be construed as a part of the statute of limitations, and that all the acts upon the same subject must be taken together and so construed as that all may stand and each have its appropriate effect.

If this view be correct, it would seem to follow that as the act of 1826 was not necessarily repealed by the act of 1844, the nine months should be taken to be allowed in addition to the four years; for otherwise, the creditor would really have but three years and three months within which to bring his suit. This construction has been given to this statute by this court in the cases of *West Feliciana Railroad* v. *Stockett*, 13 S. & M. 396, and *Jennings* v. *Love*, 24 Miss. 249, and we are not disposed to change it.

The judgment of the court below, sustaining a demurrer to the replication relying upon the additional nine months, is therefore reversed, and the case remanded.