## EDWARD L. BOWEN *v.* HIRAM BONNER, Admr.

1. SCIRE FACIAS—HOW FAR A JUDGMENT OF THE HIGH COURT CAN BE ATTACKED, UNDER A DEFENSE TO A SCIRE FACIAS.— On a proceeding by *scire facias*, to revive a judgment of the high court of errors and appeals rendered against the parties defendant, in the original judgment in the court below, and the sureties on their writ of error bond, the want of any sufficient bond, in the proceedings, by which the case was originally brought to the high court of

errors and appeals, is not a defense which the sureties on the bond can urge in answer to the *scire facias.* It is a question of fact, pertaining to the high court, and cannot be attacked in this manner.

2. SAME — A DEFENSE INVOLVED IN THE ACTION BEFORE JUDGMENT, CANNOT BE PLEADED TO THE SCIRE FACIAS.— In answer to *scire facias* to revive a judgment obtained by an executor, the defense, that part of the notes on which the judgment was recovered, were the individual property of the executor, is inadmissible.

3. EXECUTORS AND ADMINISTRATORS — STATUTES CONSTRUED — ART. 119, P. 455, AND ART. 124, P. 456, REV. CODE, 1857. — Article 119, page 455, Revised Code, 1857, gives the right of action to executors and administrators *as such,* on contracts made by them, for the purpose of doing away with the common-law doctrine, that contracts, made by them after the testator's death, created individual rights and liabilities; while article 124, page 456, was intended to get rid of the other common-law doctrine, that a judgment vested individual rights in executors and administrators.

4. SUPREME COURT — PRACTICE — CALCULATION OF EXCESS.— Rule 25 of the revised rules of the supreme court of Mississippi requires a calculation, in writing and figures, with a certificate of a disinterested counselor, that it is correct, where the party relies on excess in damages or interest as calculated in the verdict.

5. ADMINISTRATOR DE BONIS NON — HOW MADE A PARTY TO THE RECORD. — Where the plaintiff, being an administrator, dies after judgment, the administrator *de bonis non* may voluntarily come into court, and, upon suggesting the death of the administrator, be made a party plaintiff without *scire facias.*

6. STATUTE — ART. 73, P. 490, REV. CODE, 1857.— Article 73, page 490, Revised Code, 1857, refers to living parties and administrators appointed in this state, and under it publication as to an administrator in another state whose intestate died out of this state and had no estate in this state, does not authorize a judgment of revival against him.

7. CIRCUIT COURT — PRACTICE — THE PLAINTIFF MAY MAKE OUT HIS CASE FROM DEFENDANT'S EVIDENCE.— On a plea of *nul tiel record* to a *scire facias* to revive a judgment, the plaintiff introduced the mandate of affirmance from the high court of errors and appeals, and rested. The defendants introduced the record of the entire cause: *Held,* If the mandate had been insufficient, the defect was supplied by the record.

8. HIGH COURT — MANDATE — ITS EFFECT AS EVIDENCE.— The mandate of the high court of errors and appeals, under the seal of the court, carries with it its own authority, and no inferior court has a right to question it when offered in evidence.

9. SCIRE FACIAS — PLEA OF NUL TIEL RECORD — SUPREME COURT — PRACTICE — DEFECTS CURED BY NEGLIGENCE.— Under a plea of *nul tiel record* to a *scire facias,* a record of the high court of errors and appeals was introduced. A writ of error to the supreme court having been sued out, after a judgment in favor of the plaintiffs in the *scire facias,* it was urged in the supreme court that no writ of error appeared in the record from the high court: *Held,* The objection is too late, nor is this the true time or mode of testing the objection.

10. SCIRE FACIAS — GENERAL RULE OF CONDUCTING AND CONSTRUING THE PROCEEDINGS. — It is important that the courts shall give the questions arising

out of proceedings under the writ of *scire facias* a construction in conformity with justice, and in the spirit of modern legislation.

11. SUPREME COURT — PRACTICE — WHERE THE ERROR MAY BE CORRECTED IN THE SUPREME COURT, THE CAUSE WILL NOT BE REMANDED. — A judgment being against several parties, one of whom died abroad, leaving neither property nor representatives in Mississippi, a *scire facias* to revive against all the defendants was obtained, and the judgment was revived against this man's representative in Arkansas, with the other defendants, after publication of notice in a newspaper as to the administrator: *Held,* As the court had no jurisdiction over the party who died abroad or his representative, the judgment, so far as he was concerned, was a nullity, but, as this was an error which injured no one, the case will not, therefore, be remanded, but this court will enter up, as it may do in this case, the judgment which should have been entered in the court below.

12. DEATH OF ONE OF SEVERAL DEFENDANTS IN JUDGMENT — EXECUTION AGAINST SURVIVING DEFENDANTS. — The plaintiff may have execution against survivors, though it must issue against all by name, with suggestion of death.

13. SCIRE FACIAS — AGAINST SURVIVING DEFENDANTS. — If a year and a day has elapsed after judgment before execution, or for other cause, *scire facias* becomes necessary, it may also issue against survivors only.

14. EXECUTION AGAINST SURVIVORS — REPRESENTATIVES OF DECEASED PARTIES. — The right to execution against survivors is not dependent upon bringing in the representatives of deceased parties.

15. SCIRE FACIAS — PROCEEDING AGAINST SURVIVORS AND REPRESENTATIVES OF DECEASED PARTIES. — In proceeding against the survivors and against the representatives of one of several deceased parties, it is not necessary to bring in the others, but only to proceed against them by name for conformity, with proper suggestion of death.

16. SCIRE FACIAS — NOT NECESSARY WHERE PARTY BEING EXECUTOR OR ADMINISTRATOR COMES VOLUNTARILY INTO COURT. — *Scire facias* is not necessary to make an executor or administrator a party to a suit, when he comes voluntarily into court asking to be made such.

17. SCIRE FACIAS — WHEN NECESSARY. — *Scire facias* is necessary when new parties are sought to be charged, as for instance to charge the estate of deceased parties in the hands of their representatives.

ERROR to the circuit court of Lawrence county. MC-NAIR, J.

The facts appear in the opinion of the court.

*Jno. D. Freeman,* for plaintiff in error,

Cited on the insufficiency of the mandate as evidence to rebut the plea of *nul tiel record,* 1 Greenl. on Evi. 546, §§ 501, 502; 2 Saund. on Plead. & Evi. 755. He maintained that the judgment on the *scire facias* was void as to the administrator of Hemmingway, and, being void as to one

joint defendant, it was void as to all, citing Pittman v. Planter's Bank, 1 How. 527.   He also made the other points noticed in the opinion.

*Harris & Withers*, for defendant in error,

On the right of the administrator *de bonis. non* to come into court without *scire facias*, cited Rev. Code, 1857, p. 456, art. 124 ; on the point that *scire facias*, on a joint judgment, may issue against the survivors only, cited 2 Tidd's Pr. 1120. That you. may sell property of survivors without reviving against the representatives of deceased joint debtors, 2 Tidd's Pr. 1114.   On the rights of administrators under the statute, cited Rev. Code, p. 119, art. 455.   That the *mandate* is conclusive in the court below, Rev. Code, 1857, p. 564, art. 14.

TARBELL, J. :

This is a writ of error to review proceedings upon *scire facias*.   The original action was trover for the recovery of a large number of promissory notes, commenced in 1855, by Jacob F. Foute, executor of Thomas Y. Grinstead, deceased, against Bowen and Hemmingway.   The trial resulted in a verdict for plaintiff of $3,194 40.   Upon a question without merit, the case was taken to the high court of errors and appeals, wherein the judgment of the circuit court was affirmed as a matter of course, June 1, 1858, together with an allowance of five per cent damages, amounting to $159, besides costs, judgment being awarded against defendants, and against Isaac Smith and M. J. Whitworth, sureties on writ of error bond.

Under date of October, 1866, this entry appears in the record :   "Judgment is not satisfied, *fieri facias* on mandate from high court, stayed by order of plaintiff.   *Scire facias* issued October 31, 1866."

During this period Foute, the plaintiff, had died, and Hiram Bonner had been appointed administrator, etc., of the estate of Grinstead, etc.   From October, 1866, to May,

1867, several attempts to revive the judgment by *scire facias* were made, failing, however, from various causes not necessary to repeat. Pending these proceedings, the defendant, Smith, died, and A. O. Cox was appointed his administrator.

At the May term, 1867, of the circuit court, Bonner, as administrator, etc., came voluntarily into the court, and upon suggestion asked to be made plaintiff in place of Foute, deceased; also suggesting the death of defendants, Smith and Hemmingway, showing that Hemmingway "had died without the limits of the state and had left no property or heirs or other legal representatives in the state of Mississippi," upon which he moved the court for a *scire facias*, directed to Bowen and Whitworth, and to Cox, administrator of Smith, and for an order of publication against the legal representatives of Hemmingway. The court ordered publication as to Hemmingway and *scire facias* as to the other defendants, in obedience to which, August 17, 1867, *scire facias* issued, reciting the judgment at the circuit and in the high court, in full, the death of plaintiff Foute, the appointment of Bonner as administrator, the order for *scire facias* and publication, and notifying Bowen and Whitworth and Cox administrator of Smith, and Haynes administrator of Hemmingway, to show cause, at the then approaching November term, why the judgment should not be revived against them, which *scire facias* was served on all the parties named, except Haynes returned not found.

At the November term of the circuit court, (1867) the defendants Bowen, Whitworth and Cox, administrators, filed their plea of *nul tiel record*.

Bowen for himself pleaded payment. Judgment by default was entered against Haynes, administrator of Hemmingway. At the May term, 1868, the court allowed plaintiff to amend his replication to defendant's plea, before then filed, so as to conclude to the court instead of to the country. The defendants were also allowed to file a special

plea, to the effect that the judgment in the *scire facias* mentioned was based upon rights of action which pertained and belonged to plaintiff, Foute, in his individual right, and that Bonner, as administrator, therefore, is not entitled to maintain said *scire facias* against defendants. The record recites that on May 18, 1868, "issue being joined on the plea of *nul tiel record,* * * * the same was submitted to the court, who, after hearing the evidence and the argument of counsel, * * * gave judgment for the plaintiff, * * * that there is such judgment of record is recited in as plaintiff's *scire facias,* and that said plea be overruled and disallowed."

The record, in continuation, recites, that "issue being joined between plaintiff Bonner and defendants Bowen, Whitworth and Cox, as to the remaining pleas, * * * allowed to be filed, * * * a jury was impaneled" to try those issues, and that "the evidence having been submitted to them, they returned the following verdict: 'We, the jury, find for the plaintiff, and that he have execution of his judgment for the sum of $2,475.'" The record continues: "It is therefore considered by the court that said judgment be revived in the name of Hiram Bonner, administrator, *cum testamento annexo* of Thomas Y. Grinstead, deceased, against all the defendants to the record in said high court, now living, and the legal representatives of those dead, and made defendants to this proceeding, to wit, against Bowen and Whitworth and Cox, administrators of Smith and Haynes, administrators of Hemmingway," etc.

At the same term defendants Bowen, Whitworth and Cox made a motion for a new trial before the jury, which was overruled and exceptions filed. The bill of exceptions to the action of the court on the plea of *nul tiel record* shows that on that issue the plaintiff read the mandate of the high court, affirming the original judgment, and rested, when the defendants read the entire record in the case from the complaint to judgment. The court overruled the plea and gave judgment for plaintiff. No objection appears to the

right of the *court* to try this issue, nor, in fact, any objection or exception on either side, upon the trial of that plea, except to the finding of the court thereon. From the bill of exceptions upon the trial of the issues before the jury, it appears that the plaintiff gave in evidence to the jury the record and proceedings in cause entire, from the commencement of the action to judgment of affirmance by the high court.

The defendants gave in evidence the receipts of payments on the judgment, as follows: February 10, 1858, $308; May 31, 1859, $600; January 31, 1860, $500; April 4, 1860, $250; September 27, 1860, $57 50; May 14, 1866, $200. They then introduced George Wilson as a witness, who testified that he gave *one* of the notes sued on to Foute and Hilliard, or one of them, as executors of the estate of Thomas Y. Grinstead, deceased, for the hire of negroes belonging to the estate, and owned by the intestate in his life-time. It was proved that Grinstead died in 1848. An instruction asked by defendants was refused; and this was all the evidence and the only exception on the trial before the jury, whose verdict was for plaintiff, and that there was due on the judgment $2,475. A motion for a new trial was overruled, and thereupon defendants brought writ of error to have these proceedings on *scire facias* reviewed by this court.

The first cause of error assigned is, that the court erred in overruling the motion for a new trial. The grounds of this motion were: 1st. The verdict of the jury is contrary to the law and the evidence; 2d. The verdict is excessive; and, 3d. The court erred in refusing to grant the instruction asked by defendants.

The questions for the jury were: 1st. The right of Bonner to be made plaintiff; 2d. The amount due on the judgment; and, 3d. Whether the judgment did or did not belong to the plaintiff Foute in his individual right. The evidence consisted, as we have seen: 1st. Of the record and proceedings in the cause; 2d. Of payments as per receipts; and, 3d. The testimony of the witness Wilson,

that he had given one of the notes sued on to the executors of Grinstead or one of them, for the hire of negroes belonging to the estate.   There was no evidence to show or tending to show, that the notes sued on, or their proceeds, or any one of them, belonged in fact to the plaintiff in his individual right, but on the contrary, that all the notes and their proceeds belonged to the estate.   As a fact in the case, this point was settled by the verdict in the original action and it was too late to try it on *scire facias*.

The question of law involved by the motion for a new trial was raised by the instruction asked by defendants, and refused by the court, as follows : If the jury believe from the evidence, that the judgment in the *scire facias* mentioned was based upon notes which were made payable to J. F. Foute and Jno. H. Hilliard, executors of Thomas Y. Grinstead, deceased, then the said judgment belonged to said Foute, the plaintiff, in his individual right, and Hiram Bonner, as administrator, has no right in law to revive said judgment, and the jury should find for defendants.''

At common law, this was, perhaps, correct, but it is changed by art. 124, p. 456, and art. 119, p. 455, Rev. Code, and the court correctly refused to give this instruction.   Art. 19 gives the right of action to executors and administrators, *as such*, on contracts made by them for the purpose of doing away with the common-law doctrine, that contracts made by them after testators' death, created individual rights and liabilities, while art. 124 was intended to get rid of the other common-law doctrine, that a judgment vested individual rights in executors and administrators.

As to the allegation that the verdict is excessive, waiving rule 25 of the revised rules of this court, we have carefully calculated the payments and interest on the judgment at the date of the verdict, and find that, instead of $2,475, the verdict ought to have been for $2,928, so that it was not only not excessive, but was $453 less than the true sum due. There were no objections or exceptions of any kind before the jury.   The proof of the record and judgment was

ample and complete, as was doubtless the evidence of the appointment of Bonner as administrator. The court having settled the law for the plaintiffs, the jury had only a plain duty in finding for plaintiffs also. In fact there was nothing for the jury to do except as a matter of form. As to the amount due on the judgment, the parties could have agreed as to that by a calculation of the interest, according to established rules. This disposes of the first assignment of error.

The second assignment of error alleges, that the court erred in reviving the judgment of the high court in favor of Bonner. This is a broad and sweeping allegation, embracing the whole case, yet we need to consider two or three points only : 1st. The proceedings of Bonner to be made a party were in some respects informal, and perhaps might be said from the record to have been somewhat inartistic, not, however, from the absence of preliminaries, but from an excess of these. Several writs of *scire facias* were issued and served, so that the defendant certainly had the most ample and repeated notices of his application. Under article 124, p. 456 of the Code, he could come voluntarily into court and be made a party upon suggestion without *scire facias*. Arts. 49–51, p. 486. He did this, but he also did more. Instead of confining himself to this simple method pointed out by statute to become a party, he proceeded by *scire facias* as to himself as well as to the defendants, thus submitting his right to be made a party plaintiff to the chances of litigation upon *scire facias*. Art. 52, p. 487, Code.

Second. That the proof of Bonner's right to be made a party was ample; the verdict of the jury and judgment of the court, after the very technical and obstinate objections of defendants, is sufficiently conclusive, nothing appearing to cast doubt upon the correctness of the conclusion in this respect. In fact, however, the orders of the court, the pleadings and proceedings of both plaintiff and defendant, at the November term, 1867, treat the substitution of Bon-

ner, as a party plaintiff, as accomplished. It is true that subsequently, to wit, at the May term, 1868, the defendants attempted to re-open the contest upon his right to become a party, but the court very properly refused the plea for this purpose, partly because too late, but, also, because the plea tendered put in issue, not that Bonner was not administrator of Grinstead deceased, but that he was executor with the will annexed of Foute, the deceased plaintiff. So far as this allegation involves the validity and identity of the judgment, we refer to our remarks upon the other causes of error. The court was trebly right in making Bonner plaintiff. 1st. Upon his suggestion and request. (Art. 124, p. 356, Rev. Code); 2d. By the recognition of his substitution by defendants; and, 3d. By the verdict of the jury. His substitution was clearly right in every point of view.

The third alleged error is, "that the court erred in reviving the judgment against the administrator of Hemmingway, without sufficient notice to him." In this the court erred, but not for the reason assigned. Hemmingway had removed to another state, leaving neither representatives nor property in Mississippi. The court could not, therefore, obtain jurisdiction over either the person of the administrator or property of the deceased. There was no person in this state over whom the court could obtain jurisdiction, nor property upon which its jurisdiction could attach. The action of the court, however, in this respect was harmless. It could injure no one. It was inoperative and a nullity, as to the estate of Hemmingway, whose representative is not complaining. The rights of the other defendants are not affected, whether his representative is or is not made a party, and they have no cause of complaint. Art. 73, p. 490, does not apply to a case like this. Hemmingway having no estate in Mississippi, administration could not be granted him, and, for this reason, his administrator could not even voluntarily represent the intestate in court in this state under his appointment in Arkansas, much less could he be

made a party as such to the suit by publication or otherwise. This article refers to living defendants or to administrators appointed in this state. We shall refer to this point in the third allegation of error again.

The fourth assignment alleges, that the court erred in overruling the plea of *nul tiel record*. Upon this issue the plaintiff read in evidence the mandate of affirmance from the high court of errors and appeals, and rested. If insufficient proof, the deficiency was supplied by defendants, who then introduced the record of the cause entire, thus making the proof complete. No objections were made on either side to the evidence, and there were no discrepancies in the records.

But this assignment is met by article 14, p. 564, Revised Code. By this article, the mandate of the high court carries with it, under the seal of the court, its own authority, which ought not to be trifled with by officers of this court. Correct in form and substance, conformable to the Code, and under the seal of the high court, no inferior court had the right to question its authority, except for some cause other than that set up in this instance, which lacks even the semblance of merit. The court was right, therefore, in overruling this point.

The fifth cause of error is alleged to be, that "the judgment against Whitworth and Smith was not found on any sufficient bond or other consideration," (Art. 12, p. 563, and art. 14, p. 564, Rev. Code), which is a question of fact pertaining to the action of the high court, and cannot be attacked in this manner.

The sixth and last cause of error assigned is, a general allegation that the "record is wholly insufficient to maintain the judgment of the court below." No specific defects are pointed out by the counsel in aid of this allegation; yet we have patiently and necessarily examined the record with care. Counsel, in his argument, complains:

1. That there is in the record no writ of error. This is not assigned for error; and, besides, the objection is too

late ; nor is this the true time or mode of testing the truth of the allegation.

2. That an issue concluding *to the country* was tried by the court instead of a jury. The record, however, shows, that a replication concluding to the country was amended by leave so as to conclude to the court, upon which issue the parties, without objection or exception, went to trial before the court.

3. That a special plea on p. 61 of the record is undisposed of, either by demurrer, replication, answer or trial. In this the record differs with counsel. The record states specifi-·cally, that issue was joined on this plea. Evidence was given distinctly with reference to it. The counsel asked an instruction directly upon this issue and upon the evidence upon it. The finding of the jury was directly upon this point, and also upon the plea of payment. But this is not assigned for error.

· 4. That in the *scire facias* of August 17, there is no prayer for revival in Bonner's name, but that the prayer is for judgment against defendants, as to which the protracted proceedings for revival, the several writs of *scire facias*, in short, the repeatedly stated object and purpose of the proceeding were a revival against defendants and executor in favor of Bonner, so understood, and so litigated on both sides. But, as before stated, the record shows that Bonner was made a party plaintiff. 1st. By order of the court; 2d. By verdict of the jury ; and, 3d. His substitution was recognized by defendants in their pleadings.

This whole case may be thus epitomized : Foute, as executor, etc., obtained judgment in the circuit court against Bowen and Hemmingway. The defendants sued out a writ of error upon which the judgment was affirmed against them, and against Smith and Whitworth, sureties on writ of error bond. Foute subsequently died, and Hiram Bonner was appointed administrator, etc. Hemmingway had removed to Arkansas where he died, and administration was taken out in that state, he having neither property nor

representatives in Mississippi. Smith also had died, and Cox had been appointed administrator of his estate. In this condition of the case Bonner came voluntarily into court, seeking to be made a party and to review the judgment and have execution. After several ineffectual attempts the court, in May, 1867, ordered publication as to Hemmingway and *scire facias* as to the other defendants, upon full and ample suggestions on the part of Bonner as administrator, *de bonis non* of Grinstead, deceased, to wit, the death of Foute, his own appointment as administrator, the death of Smith, and the appointment of Cox, the death of Hemmingway without the state, having neither property nor representatives in Mississippi, the judgment and its affirmance, etc. Upon this order *scire facias* was issued in August, 1867, requiring Bowen and Whitworth and Cox, administrator of Smith, and Haynes, administrator of Hemmingway, to show cause, etc., at the then next November term of the circuit court, 1867. This *scire facias* recited fully the death of Foute, the appointment of Bonner, the death of Smith and Hemmingway, etc., the judgment, etc. To this *scire facias* the defendants residing in this state appeared and pleaded. The representative of Hemmingway did not appear. Upon proof of publication as to Hemmingway, and of service as to the other defendants, the court proceeded with the cause, and such proceedings were had that judgment was finally rendered against all the defendants, Bowen and Whitworth living, and against Cox, administrator of Smith, and by default against Haynes, administrator of Hemmingway, he being a resident of Arkansas, where administration was granted to him.

Out of the judgment against Haynes, a foreign administrator, a resident of another state by whose courts he was appointed, his intestate having no property or representative within the jurisdiction of the courts of Mississippi, arises the only meritorious questions in the case.

Proceedings by *scire facias*, so far as we are informed, are not of frequent occurrence in this state, and the precedents

are not numerous in our own reports. In 2 Smedes & Marsh. 593, it is stated, that "all the parties to the original judgment must be parties to the *scire facias* to revive it; and if the *scire facias* is discontinued as to any of the parties it will operate a discontinuance as to all; yet if those against whom it is not discontinued appear and plead and a verdict is rendered thereon, the effect of the discontinuance as to the others will be cured." In the case at bar, all the defendants are named in the *scire facias*, and all appear and plead except Hemmingway. The case of Davis et al. v. Helm, 3 Smedes & Marsh. 17, was elaborately argued and the opinion of Chief Justice Sharkey is a clear and learned statement of the rules as to *scire facias*. In that case one of several defendants died, after judgment and before execution, which was issued against all the defendants and levied upon the property of deceased without revival against his administrator. The chief justice said, "where there are several defendants and one dies, what is the effect? The rule seems to be that in such cases there is no need of *scire facias* as to the survivors. The execution, however, must issue against all, so that it may correspond with the judgment, and then it may be levied on the goods of the survivors who can claim contribution. As to the survivors it makes no difference; they are not new parties. But I apprehend such execution cannot be levied on the goods of the deceased until the judgment is revived. *   *   * On this view of the subject there was no objection to the execution as against the survivors; but the levy on the property of the deceased was irregular."

In Baiford v. Alston et al., 4 Dev. (N. C.) 353, the opinion shows a thorough examination of the authorities and concludes thus: "It appears, therefore, that the award of execution is not necessarily to pursue the form of *scire facias*, but may be accommodated to what may judicially appear to be in law fit for enforcing the judgment; and also that if it appear of record that one of the defendants cannot be summoned and need not be, for that he has not the ability

to contribute to the payment of the judgment, execution may rightfully issue against the others." In that case the party not summoned had become insolvent and removed from the state. In the case at bar, Hemmingway had removed to another state, where he died, leaving no property nor representative in Mississippi. Haynes, his administrator, was appointed by the courts of Arkansas of which state he was a resident. In Mississippi he could not sue or be sued, as such, and no proceedings against him could authorize execution against the estate of Hemmingway. He was the representative of Hemmingway in Arkansas and there only.

The Code has adopted the writ of *scire facias* as a part of our jurisprudence ; and while it is a most useful writ, it is evident that its scope is in a measure uncertain, and must remain so until legislation shall regulate it. It is important, therefore, that the courts shall give the questions, arising out of proceedings under this writ, a construction in conformity with justice and in the spirit of modern legislation. In some respects this writ is in the nature of an action. It is sometimes a *judicial,* in others an *original,* writ. In one case it was held to be in the nature of a declaration ; but when the object of it is to obtain execution on a judgment, it is properly called a writ of execution. Tidd's Pr. To revive a judgment it is something more than the continuation of the prior suit ; yet it was held in Sims v. Nash, 1 How. 271, that "the allegations of the *scire facias* are not of themselves sufficient to warrant a judgment by default."

The award of judgment against the administrator of Hemmingway was not merely an error, it was a nullity, inoperative and ineffectual for any purpose. It was an error, however, which could not affect either party injuriously, and certainly one of which the plaintiffs in error ought not to complain, because it could not be to their injury or prejudice ; yet we are not prepared to say, that the rule that a judgment erroneous as to one is erroneous as to all is not applicable to this proceeding and the precise

circumstances of this case, nor that we should not reverse this judgment under this rule, as in cases other than *scire facias*, were there any further facts to be developed or points to be litigated.

. The court and counsel below seem to have supposed it indispensably requisite to join all the defendants living, and the representatives of those who had died, in the writ and judgment, but they were in error. It is true, as a general rule, that all the parties and representatives of parties must be joined in the *scire facias*, but this rule is more of form than of substance, and, besides, it has exceptions. The *scire facias* in this instance is a writ to obtain execution of the judgment; and, as the execution, for the sake of conformity, notwithstanding a change of parties, must continue to follow it in that respect, the *scire facias* must bring all the parties before the court or account for them in aid of the judgment of the court. 3 Smedes & Marsh.

The legitimate *object* of the *scire facias*, in this case, was to charge the estate of the deceased parties in the hands of their representatives, and to require them to show cause why it should not be done. The legal *result* should have been to charge the *estate* of Smith in the hands of Cox, his *administrator*, and execution should have been awarded against Bowen and Whitworth, living, and against Cox, administrator of Smith, deceased, with suggestions of the death of Hemmingway. To admit that further proceedings must be suspended until the representative of Hemmingway can be made a party, or, in other words, that the claim is *barred* unless *all* are brought in, would be a mockery of justice; and to remand this case upon the record before us is equally inadmissible, as there are no merits to litigate.

1st. Personal judgments with us against two or more defendants are joint and several, and executions may issue against survivors. Sec. 3, p. 357; § 18, p. 521; § 19, p. 525; art. 52, p. 487; art. 1, p. 364; art. 269, p. 526, Rev. Code.

And the property of each is liable to execution for the whole, unless otherwise specially provided by law.

When one judgment has been recovered against several defendants, execution shall issue thereon if it were against one defendant, and if one or more of several defendants shall have died before the issuance of such writ, and no revivor has been had, the fact of the death shall be noted on the writ, and the property of the survivors only shall in such case be liable to the execution. Art. 269, p. 526, Rev. Code.

When judgment shall have been rendered against two or more persons, and any one or more of them shall die, such judgment shall survive as well against the representatives of the deceased parties as against the survivor, and a *scire facias* may issue against the survivors jointly with the representatives of the deceased parties, and such judgment may be thereupon revived, and execution issued in like manner. Art. 52, p. 487, Rev. Code.

These provisions of the Code dispose of this case. Through the wide departure from the common law and the English statutes made by our Code, the learning involved in the former upon the subject under discussion is unnecessary to a solution of the case at bar ; yet a reference to these fountains of jurisprudence will serve to enforce our modified and improved law. Some of the peculiarities of the common law and the English statutes as compared with our Code, are : 1st. Laws peculiar to their several executions upon judgments ; 2d. Their distinct and different rules as to real and personal estates ; 3d. Their law of contribution and apportionment ; 4th. Their laws peculiar to the enforcement of executions upon judgments against joint debtors ; 5th. The restrictions thrown around and protecting real estate ; 6th. Their laws of survivorship and inheritance in their application to the enforcement of judgments by execution. Tidd's Pr. title Execution ; ib. title *Scire Facias;* Jefferson v. Dawson et al., 2 Saund. 6, marginal notes ; Underhill v. Devereaux, ib. 68, note ; ib. 71, note.

"If there be a judgment in debt against two and one die, a *scire facias* lies against the other alone, reciting the death * * * ; for at common law the charge upon the judgment being personal, survived." Payne, 153 ; 4 Mod. 315 ; Salk. 319 ; pl. 2 – 3 ; Bac. Abr. 719, Execution.

At common law, personal, not real property, is subject to the payment of debts. 3 Bac. Abr. 663. "When there are two or more defendants, and one of them dies after judgment and before execution, it was formerly holden that the plaintiff was put to his *scire facias*, against the personal representatives of the deceased. But it was afterward determined that in such case a *scire facias* would lie against the survivor alone reciting his death ; * * * for at common law the charge upon the judgment being personal, survived ; * * * and it is now well settled that when there are two or more plaintiffs or defendants in a personal action, and one or more of them die within a year after judgment, execution may be had for or against the survivors without *scire facias;* but the execution in such cases should be taken out in the joint names of all the plaintiffs or defendants ; otherwise it will be warranted by the judgment." Tidd, 1120.

"When there are several defendants and one of them dies before execution, since the charge upon the judgment survives as to the personalty, though not as to the realty the plaintiff may have a *scire facias* framed upon the special matter, viz.: against the survivor to show cause why the plaintiff should not have execution against him of his goods and chattels and of a moiety of his lands," etc. Tidd, 1120, and note.

The *scire facias* being a judicial writ must pursue the nature of the judgment ; therefore, if a joint judgment be obtained against two, the *scire facias* must be against both. Tidd, 1106, and notes. "The execution in *scire facias* is governed by the award of it." Tidd, 1131. As in 4 Dev. cited herein. If execution conform substan-

tially with the judgment, it is sufficient. Graham v. Price, 3 Marsh. 522 ; 3 Bac. Abr. 663, Execution.

. "If there be judgment against a party and he die intestate, or having made his executors, a *fieri facias*, if vested before his death, may be executed of his goods in the hands of the executor or administrator without *scire facias ;* but, if the party die after final judgment and before execution, a *scire facias* is necessary." 3 Bac. Abr. 720, Execution ; Tidd's Pr. 1056 ; 6 T. R. 368 ; 7 ib. 24. It is believed that the rules stated as to the *fieri facias* at common law and under the English statutes apply fully to our *fieri facias*, upon which is subjected to levy and sale, both lands and goods alike (Rev. Code), and hence, that with us, no one of several joint judgment debtors can complain that his real estate is taken in execution to the exclusion of the lands of his co-defendant or defendants.

. From the authorities and the Code, we deduce the following rules :

1st. That the plaintiff may have execution against survivors, though it must issue against all by name with suggestions of death. Art. 269, p. 526, Rev. Code ; 3 Smedes & Marsh. 17.

. 2d. If a year and a day has elapsed after judgment, before execution, or for other cause *scire facias* becomes necessary, it may also issue against survivors only. Art. 266, p. 526, Rev. Code ; Tidd, 1120 ; 3 Smedes & Marsh. 17.

. 3d. Hence, the right to execution against survivors (Art. 269, p. 526, Rev. Code) is not dependent upon bringing in the representatives of deceased parties.

4th. It follows that in proceeding against the survivors and against the representatives of one of several deceased parties, it is not necessary to bring in the others, but only to proceed against them by name for conformity, with proper suggestion of death. Ib.

In the light of the foregoing, this case is thus resolved :

1st. *Scire facias* is not necessary to make an executor or administrator a party to a suit, when he comes volunta-

rily into court, asking to be made such.    Bonner, therefore, could have been, as he was, made a party to this cause, without *scire facias*.

2d.  Primarily, *scire facias* is not necessary to have execution against survivors, under our Code, but in this case, probably execution had not been issued within a year and a day, and in such case, it was necessary, even against the survivors.

3d.  *Scire facias* is necessary when new parties are sought to be charged.    It was therefore necessary in this case in order to charge the estate of the deceased parties in the hands of their representatives.

4th.  Hemmingway having removed to, and died in, Arkansas, with neither property nor representatives in this state, there was no power to charge his estate in Arkansas, nor to bring in his representative, a resident there, and appointed by her courts.    Nor, as we have seen, was it necessary.

By deaths, accidents, informalities and the ingenuity of counsel, this case is now in its sixteenth year of litigation, without a solitary question of merit from the first, so far as the record shows, and it ought long since to have been concluded.    It is now, at least, exhausted.    Under art. 11, p. 563, Rev. Code, we shall proceed to give such judgment as the court below ought to have given.    It appearing on the suggestion of the plaintiff in error, Edward L. Bowen, that the defendants in the court below, to wit: Milton J. Whitworth, A. O. Cox, administrator of Isaac Smith, deceased, and E. K. Haynes, administrator of C. F. Hemmingway, had not joined in suing out the writ of error, and on his motion, that the writ of summons and severance issued to them returnable to the April term of this court, 1869, and was returned duly executed on the said Cox and Whitworth, and that they failed to appear and join in the assignment of errors, it is considered that the cause be served as to these, and that the order of severance have relation back to the return term of the writ of summons

and severance, to wit : the 3d Monday of April, 1869, and have the same effect as if made at that term, and it appearing that E. K. Haynes is not found, and is a non-resident of this state, and administrator of C. F. Hemmingway only in the state of Arkansas, in which state he was appointed, it is ordered· that this cause proceed in the name of the said Edward L. Bowen, and the court, being of the opinion that there is no error in the judgment of the circuit court of Lawrence county, rendered in this cause on the 18th day of May, 1868, be and the same is hereby affirmed ; and it is further ordered, that the defendant in error recover of Edward L. Bowen, plaintiff in error, and J. M. Buckley, his surety in the writ of error bond, the costs of this court.