## A. POLLARD v. O. Q. ECKFORD.

1. LIMITATION OF ACTIONS — REVIVOR OF JUDGMENT AGAINST AN ADMINISTRATOR, DE BONIS NON. — P. recovered judgment against A., November 13, 1860. A. died November 4, 1865. K. was appointed administrator of the estate of A., June 6, 1866. K. died, and E. was appointed administrator de bonis non, November 2, 1871, scire facias to revive the judgment in favor of P., April 12, 1873; held, that the action was barred by the statute of limitations. When the statute of limitations is once put in motion,

it is not arrested by any subsequent disability; this is the rule, but if the disability is of a temporary character, growing out of a positive statutory provision, the time of such temporary disability should be excluded. In a *scire facias* to revive a judgment, the object is to make a new party to the judgment, and charge him with the duty of making satisfaction, and he cannot set up any defense which existed anterior to the original judgment, and which might have been pleaded in bar of the original action.

ERROR to the Circuit Court of Monroe County. Hon. B. B. BOONE, Judge.

The material facts in this case appear in the opinion of the court.

It is assigned for error:

1. The court below erred in refusing the 1st, 2d, 3d, 4th, 5th and 6th charges asked by plaintiff.

2. In overruling plaintiff's motion for a new trial.

3. In rendering judgment for defendant (also defendant in error) under the state of pleadings.

*Murphy & Sykes* for plaintiff in error:

Judgment was recovered against the decedent in his life time, and this is an action to revive the judgment against the administrator. Defendant pleaded the statute of limitations of seven years under Rev. Code 1871, § 2153, which is a copy of the Code of 1857. This suit is in the nature of an *original action*, and could not be brought in Code of 1871, § 1184, suspending the statute for six months in which to bring suits against an administrator or executor. Sections 1181, 1182, Code of 1871, provide that where suits are pending against a decedent at his death, against an administrator at his death or removal, or judgment against a former *administrator* may be revived immediately upon the appointment of an administrator, or an administrator *de bonis non*, but does not provide for the revivor of judgments. This is an original action. 4 Haskell, Tenn. Rep., 31 ; Breckenridge v. Mellon, 1 How. Miss., 274. In the case of Sims v. Nash., 1 How., Miss., 272, which was a proceeding upon a judgment obtained in

the life time of the decedent, the court say : " the defendant could have plead to the *scire facias,* as to any other action ; it was an original action." We insist that this is such a suit or action as was intended to be prohibited for nine months after the appointment of the administrator. Code of 1857, p. 456, art. 126. See Jennings v. Love, 24 Miss., 255 ; Dowell v. Weber, 2 S. & M., 455–6 ; Code 1857, p. 401, art. 18. The case of Vick v. Chewning's heirs, 31 Miss., 201, upon which defendants rely, was based upon Hutchinson's Code p. 830 and 831, sec. 8, which though nearly in the language of the Code of 1857 and 1871, has no such exceptions as is contained in the latter statutes.

*Houston & Reynold,* for defendant in error :

It will be seen from the record the *seven years, two months and twenty-six days* elapsed from the date of appellant's judgment to the commencement of proceedings to revive, exclusive of the time the statute was suspended.

"Judgments in any court of record in this state, shall not be revived by *scire facias* * * * after the expiration of seven years next after the date of said judgment." Hutch. Code, p. 830, § 8. This statute is construed in the case of Vick v. Chewning's heirs, 31 Miss., 209, and we insist that the action is barred by limitation. Bouvier's Law Dictionary ; Freeman on Judgments, p. 367, § 444 ; Denegre v. Haun, 13 Iowa, 240; Fitzhugh v. Blake, 2 Cranch. C. C., 37 ; Hopkins v. Howard, 12 Texas, 7, cited Code of 1857, p. 400, art. 11; Code of 1871, p. 471, § 2155. If the word *scire facias* was intended by the legislature to be embraced in the words suit or action, why place in the statute books invariably suit, action *or scire facias ?* The case in 27 Miss., 488, to which counsel refer, has no relevancy to the case at issue. The cases referred to in 2 S. & M., and 24 Miss., are founded on actions of assumpsit, foreign to the law enacted for the revival of judgments by *scire facias.*

As to the deduction of time, see Byrd v. Byrd, 6 Cushman, 144. If we are correct in our view of the law, the appellant's judgment

is barred, and the court below did not err in refusing the charges asked by counsel.

SIMRALL, J., delivered the opinion of the court.

The agreed case is this, viz: Austin Pollard recovered judgment the 13th of November, 1860, against B. Allen. Allen died the 4th of November, 1865. Kendrick was appointed administrator, June 6, 1866, and resigned October 8, 1869. Eckford was appointed administrator *de bonis non*, November 2, 1871. The *scire facias* was issued April 12, 1873, to revive the judgment against Eckford.

It was ruled in the circuit court that the *scire facias* was barred, and the judgment was for the defendant. The correctness of that ruling and judgment is the only question in this court.

The statute commenced running against Allen in his lifetime. The rule is that when the statute of limitations is once put in motion, it runs on, and is not arrested by any subsequent disability. Jennings v. Love's Adm'r, 24 Miss., 255. But if the disability is of a temporary character, growing out of a positive statutory provision, the time of such temporary disability should be excluded. Dowell v. Weber's Adm'r, 2 S. & M., 452. In that case it was held that the nine months after the publication of the grant of letters of administration, before suit can be brought against the administrator, was an enlargement *pro tanto*, of the time allowed to sue upon a promissory note, the effect being to give the plaintiff six years and nine months. The general statute is suspended for the prohibited period, so that the prohibited time constitutes no part of the six years. The same point was ruled in Moses v. Jones' Adm'r, 2 Nott & McCord, 259.

The 8th section of the act of 1844 provided that judgments in any court of record of this state shall not be revived by *scire facias*, * * * after the expiration of seven years next after the date of such judgment. In Byrd v. Byrd, 28 Miss., 150, this section was considered under these circumstances.

At the October term, 1837, of the probate court, a decree was rendered in favor of Wells, administrator of Lee Byrd, deceased, for $818.65, on account of the distributive share of the intestate, of the estate of Asha Byrd, deceased. Wells died 1st of April, 1844. An administrator, *de bonis non*, was appointed, in 1853, on the estate of Lee Byrd. It was insisted in favor of the review of this decree, that the time during which the estate was vacant for want of a personal representative, *i. e.*, from April, 1844, until 1853, should not be computed as part of the seven years allowed the plaintiff, in this mode to assert his right. But it was held, that inasmuch as the statute had commenced running against Wells, the first administrator, it was not interrupted by his death, and suspended until his successor was appointed. Vacancy in the administration would not stop the running of the statute.

In Vick v. Chewning's heirs, 31 Miss. Rep., 208, the judgment against Chewning was recovered January 30, 1842, who died shortly prior to October 22, 1852. On that day a writ of *scire facias* was issued against his administrator. It was held that the remedy must be pursued within seven years from the date of the judgment, although execution has been regularly issued from year to year.

Seven years, two months and about 16 days have elapsed in this case since the recovery of the judgment, and before the *scire facias* was sued out, deducting the time of the suspension of the statute during the war, and until April 2, 1867. To avoid the law, it is contended by counsel for the plaintiff in error, that art. 126, p. 456 of the Code of 1857, or § 1184 of the present Code, applies. The language in both cases is precisely the same, except "six months" in the latter is used instead of "nine months" in the former. "No suit or action shall be brought against any executor or administrator, in such capacity, until after the expiration of nine months (six months) from the date of letters testamentary or of administration." If either the longer or shorter period be deducted from the seven years, the writ is not barred.

Is a *scire facias* to rise a judgment, a suit or action within the meaning of this statute? The circumstances under which service must take place are laid down in Penoyer v. Brace, 1 L. Raymond, 245, viz : where a new party is to be benefited or charged by the execution of a judgment. See also Davis v. Helm, 3 S. & M., 34. Where the process goes against an administrator, the judgment is that the plaintiff have execution, to be levied, etc., for the judgment mentioned in the *scire facias*, and costs. Vredenburgh v. Snyder, 6 Iowa, 39. Woolston v. Gale and Bodine, 4 Halst., N. J., 32.

The formal averment in the writ is, "that although judgment aforesaid is given, execution for the debt. \* \* remains to be made to the plaintiff." The single object of the writ is, to make a new party to the judgment, and charge him with the duty of making satisfaction ; therefore it only runs against a party liable to make satisfaction. No defense, which existed anterior to the judgment, and which might have been pleaded in bar of the original action, can be set up against the *scire facias*. Bowen v. Bonner, 45 Miss., 10.

It is a judicial writ issuing out of the court where the record is. But because the defendant may plead thereto, it is called an action. 2 Tidd Prac., 1090. For some purposes at common law, it was in nature of an original action, as to repeal letters patent. Ib. But where the purpose is to revive a judgment against an executor or administrator, so as to charge the personal representative with the duty of payment, and have the right to execution against the decedent's effects, it is but the continuation of the former suit, and not an original proceeding. Hopkins v. Howard, 12 Texas, 8 ; McGill v. Perrigo, 9 John. Rep., 259 ; Eldred v. Hazlett, Adm'r, 38 Penn. St., 32 ; 12 S. & R., 412. A new judgment cannot be rendered. The proper entry is that the plaintiff have satisfaction of the judgment already secured against the intestate, etc.

It depends upon the character of the judgment, appropriate to the allegations of the writ, whether it is the commencement of an

original action, or a judicial process, in *quasi* continuation of the former suit. If it be to revive a former judgment, it is in the nature of a writ of execution.   Tidd's Prac., 8th ed., 1140; Philips v. Brown, 6 T. R., 284; Co. Litt., 291, a; Foster on *Sci. Fa.*, p. 11. In one sense for all purposes it is in nature of an action, because the defendant may plead to it.   It is strictly the beginning of a new or original action, when it is issued to repeal letters patent. Bacon Abridg. *Sci. Fa.*, c.   It is also an original proceeding when founded upon a recognizance.   2 Wm. Saund., 71, b.; Foster *Sci. Fa.*, 13.   It is original because there has been no former suit against the conversor.

In Vick v. Chewning's heirs, 31 Miss., *supra*, no intimation is given by the court, that the provision in the act of 1844, prohibiting a suit or action against an administrator for nine months, is applicable to the proceeding to revive a judgment against him. No reference is made to the point.   The language of the court is broad and general that the remedy is barred, unless pursued within the seven years; although the question involved in our case, was not discussed by the court.   We think that sec. 1184 of Code of 1871, and its original in Code of 1857, art. 126, p. 456, prohibiting suits or actions for 6 months in the former and 9 months in the latter, against administrators, was intended to embrace only original suits, and does not include such judicial processes, as are but continuations of a suit, brought against an intestate in his lifetime.   In Breckinridge's Adm'r v. Mellon, Adm'r, 1 How., 273, the *scire facias* was to make the administrator a party before judgment; it was held, that the prohibitory statute did not apply because it was not predicated on any thing that would give it the character of a new action.

As we have seen, the authorities characterize the process, after judgment, as a judicial writ, in continuation of the original suit, a necessary means to procure satisfaction of the judgment.

More than the seven years have expired since the judgment was obtained; the right to a revivor has therefore expired.   It is

unnecessary to consider the several propositions of law propounded in the prayers for instructions granted and refused.

The result in the circuit court is in accordance with these views.

Judgment is therefore affirmed.