Z. T. Champion et al. *v.* Newnan Cayce, administra-
tor de bonis non.

1. Administrator's Petition for Sale of Land.    *Statute of Limita-
   tions.  Revivor of judgment.*

   Revivor against the administrator of a judgment against the intestate
   does not conclude the heir, who may plead the Statute of Limitations
   barring the original judgment, to the administrator's petition to pay
   the judgment as revived by sale of the land descended.

2. Same.    *Judgment barred as to administrator.    Effect as to heir.*

   Whether the fact that by the four years' statute, § 2155 Code 1871, the
   remedy to revive the judgment is barred as against the administra-
   tor precludes the sale of the descended land, there being no similar
   limitation in favor of the heir, *quære?*

3. Same.    *Judgment barred as to heir.    Revivor against administrator.*

   But where remedy on the judgment is barred by the seven years' stat-
   ute, Code 1871, § 2153, the heir may plead it to the petition, not-
   withstanding a revivor after the filing of the petition against the
   administrator, who failed to insist on the bar.

4. Same.    *Scire facias against heir within meaning of* § 2153 *Code* 1871.

   A *scire facias*, seeking judgment that the creditor may have satisfaction
   of his judgment from the heir out of the land descended, is within
   the intendment of the final clause of § 2153 Code 1871, which denies
   execution unless issued within seven years of the date of the last pre-
   ceding execution; and where the creditor is barred to pursue the
   lands, the administrator cannot obtain a decree to sell.

5. Same.    *Debt barred before suit.    Effect of judgment against administrator.*

   Judgment against the administrator on a claim due in the intestate's
   lifetime, and barred before institution of suit against the administra-
   tor, does not preclude the heir from setting up that bar against the
   application to sell the real estate.

6. Same.    *Decree limited to valid debts.*

   A decree on petition of the administrator to sell the land descended to
   pay debts should be limited to so much as will satisfy the valid debts.

7. Statute of Limitations.    *Once in motion never stops.*

   The four years' Statute of Limitations, Code 1871, § 2155, commences
   running on the qualification of the administrator, and is not stopped
   by his subsequent resignation.

Appeal from the Chancery Court of Itawamba County.

Hon. L. Haughton, Chancellor.

*J. L. Finley,* for the appellants.

The judgment of the Mobile and Ohio Railroad Company
was barred.  Its revivor against the administrator could not

affect the heirs, who may set up the bar in answer to this peti-
tion. 50 Miss. 634. The account of J. B. Sale was barred
before suit thereon; and the judgment against the adminis-
trator does not preclude the heir from pleading the bar. 53
Miss. 295.

Clayton & Clayton and J. Robins, for the appellee.

The judgment of the railroad company revived against the
administrator was not barred, owing to the resignation of
Thomas and the suspension during the war. The judgment
on the Sale account is prima facie that it was not barred.
There is no evidence to rebut that presumption. The date of
the account is nothing. Non constat, but on the trial the suit
was shown to be in time.

J. Z. George, on the same side.

The judgment of revivor, if not conclusive, is prima facie
correct. It could only have been shown that it was not, by
proving that no execution had been issued, and that the de-
ceased had not been absent from the State. The effort to do
this failed.


SIMRALL, C. J., delivered the opinion of the court.

The merits of this suit are involved in the question whether
the pretensions set up by the administrator to sell the land
are well founded or not. J. V. Thomas was appointed, on
the 29th of August, 1866, administrator of the estate of
Jackson Champion, deceased. On the 23d of April, 1867,
Thomas applied to be released and discharged from office,
because there were no goods or effects to be administered.
The prayer was granted, and an order to that effect was
made. It is not denied that Thomas was duly qualified as
administrator; but it is insisted that the order discharging
him was ex parte, and without notice to the persons inter-
ested. At the same time, J. D. Williams was appointed ad-
ministrator de bonis non, or an order was made by the Probate
Court so appointing him. But it is one of the agreed facts in
the case that he did not qualify. On the 7th of March, 1859,
the Mobile and Ohio Railroad Company recovered judgment
against the intestate for $1,301.70, which was duly enrolled.
In September, 1873, the Mobile and Ohio Railroad Company

presented a petition in the Chancery Court for the appointment of Newnan Cayce as administrator *de bonis non.* On that petition Cayce was appointed, and on the twenty-ninth of the same month exhibited a petition to sell the real estate of the intestate. The heirs opposed the sale, because the debts set forth by the administrator as liabilities of the intestate were barred.

The revivor of the judgment in favor of the Mobile and Ohio Railroad Company, in 1874, against Cayce, administrator, gave no right to have satisfaction out of the lands descended which the judgment creditor did not have before. The only virtue that could be claimed for that proceeding would be to authorize a levy of the debt out of the personal estate of the intestate. It has been repeatedly held by this court that the heirs may plead the Statute of Limitations in bar of the suit of the administrator to sell the real estate, *Ferguson* v. *Scott*, 49 Miss. 500 ; and further, that a recovery against the administrator is not conclusive against the *heir*, though it may be against the personal representative, *Ferguson* v. *Scott, ubi supra ; Yandell* v. *Pugh*, 53 Miss. 295. See also *Stone* v. *Wood*, 16 Ill. 177, 183 ; *Hopkins* v. *McCann*, 19 Ill. 113, 116.

There is no provision in the Code of 1871 in reference to a *scire facias* against the heirs for revivor of a judgment against them, so as to obtain satisfaction out of lands descended from their ancestor. Sect. 2155 Code 1871 denies an action or *scire facias* " against any executor or administrator upon any *judgment* or other cause of action against his testator or intestate, but within four years after the qualification of such executor or administrator." Thomas, the first administrator, was appointed in 1866. The four years within which the judgment against his intestate might have been revived commenced running from the date of his entering on the office, and was not interrupted by the vacancy after his resignation until Cayce was appointed. *Byrd* v. *Byrd*, 28 Miss. 144. The rule is, that when the statutory time is once put in motion it runs on, and no subsequent disability arrests it, unless of a temporary character produced by statutory provision. *Jennings* v. *Love*, 24 Miss. 249, 255 ; *Dowell* v. *Webber*, 2 S. & M. 452 ; *Pollard* v. *Eckford*, 50 Miss. 631. It follows, therefore, that Cayce

could have pleaded the statute successfully against the *scire facias* of 1874 to revive against him as administrator.

It will be noted that these provisions fix a limitation to the issuance of an execution, and to an action upon the judgment or decree, and to a *scire facias* against the executor or administrator; but there is no express provision applicable to a *scire facias* against the heirs of a deceased judgment debtor, limiting the time within which it may be sued. If the judgment creditor neglects, for four years after the appointment of the administrator, to sue out *scire facias* to revive the judgment, he has lost the opportunity to have satisfaction out of the personal estate. While our laws primarily charge the personal estate with the debts of a decedent, and fix a limit to the creditor's right to satisfaction out of it on judgments against the intestate, there is no legislation defining a limitation in favor of the heir or devisee, to whom lands have descended or been devised. It is remarkable that the legislature should leave the creditor a right to satisfaction against the heir out of the real estate, when the right of execution against the administrator and personal estate has been cut off. The effect of § 2155 of the Code (and the corresponding article in the Code of 1857) is to bar execution of the judgment or decree, unless the proceedings, by *action* or *scire facias*, are taken within the time named. But, as before remarked, neither four years nor any other period is prescribed as a bar against the heirs and terre-tenants.

We have no difficulty in reaching the conclusion, that if the creditor is barred of right to obtain satisfaction of his judgment against the intestate out of lands descended, the heir may set up the bar, in answer to a petition by the administrator to sell the land to pay that judgment. If the Mobile and Ohio Railroad Company is barred to pursue the lands which descended from Champion to his children, then the administrator cannot obtain a decree to sell.

There are two limitations of time for the action of debt, founded on a judgment or decree: one of general application (§ 2153) of seven years, counting from the *date* of the judgment or decree; the other of four years, including both an action of debt and *scire facias*, computing the four years

from the qualification of the executor or administrator. There is no express statute, that we are aware of, applicable to the circumstances of this case, except the final clause of § 2153, which denies execution unless issued within seven years of the date of the last preceding execution.

The administrator, as we infer, filed as proof extracts from the sheriff's docket and judgment roll, showing that execution issued in June, 1860 ; from that time until September, 1873, — the date of his petition to sell, — more than *seven years* had elapsed. The Mobile and Ohio Railroad Company, if that be the fact, had no right to another execution. But in 1874 the judgment was revived against Cayce, the administrator, he not having pleaded the statute. The utmost effect of that judgment was to give a right to execution against the goods and effects in his hands. It could not enlarge or improve the creditor's claims upon the real estate. Moreover, that revivor took place *after* the petition to sell the land had been exhibited. If the creditor, in 1873, the date of the administrator's petition, had taken out *scire facias* against the heirs, they could successfully have defended on the ground that such writ was a preliminary step, initiatory of an after-step, to wit, the revivor of the judgment against them preparatory to the issuance of an execution to sell their lands ; and that more than seven years had passed since June, 1860, the date of the last execution.

It is well settled that *scire facias* of this kind is in the nature of satisfaction, and a continuation of the original proceedings. In *Bank of Mississippi* v. *Duncan*, 52 Miss. 740, 751, this writ is characterized as in the nature of process where it is sought to have satisfaction of a recovery against an intestate out of property in the hands of the administrator or *heir*, where lands have descended. *Pollard* v. *Eckford*, 50 Miss. 636. A *scire facias*, seeking judgment that the creditor may have satisfaction from the heir out of the lands descended, is as much within the meaning and intendment of the statute as an ordinary *fieri facias*. We are of opinion, therefore, that the heirs may well rely on the Statute of Limitations, so far as the Mobile and Ohio Railroad Company are concerned as creditors.

Perhaps a question might be made, that when *scire facias*

was barred against the personal representative, under § 2155, remedy ought to be denied against the heir under the judgment. We have not considered that point, and express no opinion as to what influence, if any, that section has on a case like this.

It appears that the debt on which J. B. Sale, survivor, recovered judgment against Cayce in 1874 accrued against the intestate in his lifetime, and was barred before the suit was instituted against the administrator. The heirs may set up that bar against the application to sell the real estate.

There may be one or more small debts not barred; at least, there is nothing in this record that satisfactorily explains that matter. If any of the land is sold, it should be limited to so much as will satisfy the valid debts.

*Decree reversed and cause remanded.*