J. W. Ferguson, Admr., *v.* J. A. Scott *et al.*

1. Administrator—When shall petition for sale of land.—No definite rule can be laid down as to the time within which the creditor, must initiate proceedings to compel the administrator to proceed to subject the lands to the payment of the debts of his intestate. It would be reasonable and less mischievous in its consequences to allow a longer delay and indulgence when the heir or devisee continued the owner, than where the lands had been conveyed to an innocent purchaser.

2. Same—Code.—No time is prescribed by the statute within which the administrator must file his petition to sell the land, but he must not delay until the heir and devisee may have reason to suppose that there are no valid debts, and when a purchaser may fairly be supposed to have advanced his money on the like confidence. The statute provides that the sale must be made when the condition of the personal assets has satisfied the administrator of the necessity.

3. Same—Statute of Limitations.—If the claims of creditors are barred by the statute of limitations when the administrator files his application to sell the land, then the application should not be granted. Especially ought this to be so after the lands have passed from the heir to a purchaser, Moore v. White, 6 Johns. Ch. R., 385 ; *ex parte* Allen, 15 Mass. R., 58.

Appeal from the chancery court of Washington county. Hon. E. Stafford, Chancellor.

S. W. Ferguson, administrator *de bonis non* of the estate of Guignard Scott, deceased, filed his bill in the chancery court of Washington county, on the 4th day of November, 1871, to subject to sale, for the payment of debts, an interest of one-fifth of one-sixth of and in certain lands in

that county, derived by his intestate as heir at law of Calhoun Scott, deceased. Guignard Scott left no personal estate of any kind. The debt alleged to be due and owing by said intestate is a judgment rendered against said administrator *de bonis non*, on the 14th day of November, 1867. The heirs at law of Guignard Scott and Calhoun Scott have long since disposed of the real estate now sought to be sold to *bona fide* purchasers, who are made parties defendant. There has been no administration on the estate of Calhoun Scott, and there is no statement contained in the bill that he was not indebted, nor are the dates of the death of either of them given. A demurrer to the bill was sustained, and the case is brought here for review.

*Johnston & Johnston*, for appellant:

1. The debts of a decedent are registered and are matter of record. Every purchaser must be presumed, therefore, to know whether there are any debts, and that the real estate is charged with these debts in the manner and contingency provided by statute. This statutory charge is not affected by an alienation by the heirs; nor is the power or authority of the administrator affected by such alienation. Gore v. Brazier, 3 Mass., 542; Wyman v. Bridden, 4 Mass., 151, 155; Drinkwater v. Drinkwater, 4 ib., 359; Millard v. Nason, 5 ib., 241; Ricord v. Williams, 7 Wheat., 117.

2. The delay of the administrator in applying for an order to subject the land has not defeated the lien or charge. Judgment having been recovered in 1867, the bar of the statute of limitations was evaded. Gore v. Brazier, 3 Mass., 542; Ricord v. Williams, 7 Wheat., 117; Scott v. Hancock, 13 Mass., 162; *ex parte* Allen, 15 ib., 60.

*Nugent & Yerger*, for appellees:

1. The creditors have no right to bring any action against the administrator, by the direct provisions of the statute, and the claims are prescribed. Rev. Code, of 1857, p. 400, art. 11; Code, of 1871, § 2155. The mere recovery of a judg-

ment against the administrator cannot defeat the practical effect of this statute, nor can the creditor avail himself of it. He was entitled to four years within which to commence proceedings to subject the real estate which had descended to the heir, to the payment of his claims. By the judgment he acquired no higher right than that which he already possessed. As to the claim itself, the creditor is prescribed of his remedy. If there is any liability in his favor, it is devolved upon the administrator, for the bill shows that Guignard Scott left no personal property at his death.

2. The statute requires a speedy ascertainment of the debts of the decedent, and the sale of the personal estate to pay them; and whenever the personal property is insufficient for that purpose, then the sale of the real estate may be had. It was never discovered in this case that the personal property was not sufficient, and the application to sell the real estate comes too late. The time when this is to be done is indicated by the use of the adverb "whenever." The application must be made in a reasonable time. Moore v. White, 6 Johns, ch. 378; *ex parte* Allen, 15 Mass., 60.

3. There can be no exception to the rule, unless it be in the cases where the estate has remained as it was at the death of the testator, without any partition among the heirs and devisees, and without any conveyance from them. Story's Eq. Pl., 813; 9 Pet., 405; Hawley v. Cramer, 4 Cow., 717; Johnson v. Johnson, 5 Ala., 90; Perry v. Craig, 3 Mo., 316.

4. The creditor and administrator, having acquiesced in the sale of the property, are estopped to impeach it; and even if there were no statute bar, a court of equity in favor of *bona fide* purchasers will refuse the relief prayed for. Partridge v. Mitchell, 3 Edw., ch. 180; Hudson v. Hudson, 3 Rand., 117; 1 McLean, 146.

Simrall, J., delivered the opinion of the court:

The policy of the statute is that there shall be a speedy administration of an estate, by payment of creditors and turning over of the surplus to the distributees. To enable the ad-

ministrator to perform the first duty, the law charges the real estate as well as the personal with the debts, and deducting the exemptions, gives authority to the administrator to apply the lands whenever he shall discover the personal property insufficient. § 1148, Code 1871. As a means to make that discovery, the administrator is enjoined, as soon as practicable, to cause an inventory and appraisement of the personal property to be made and returned, and a schedule of the debts due the estate to be exhibited. Within one month after the grant of letters, the administrator shall advertise a a notice to all persons having claims against the estate, to register them. Claims shall be registered within one year after the publication of the notice to creditors, otherwise they shall be barred. § 1141.

If the administrator performs his duty, in respect to appaisement and inventory, in a very little over one year from his appointment, he is enabled by inspection of the registration of the claims, and the value of the personal assets to determine the condition of the estate, and ascertain whether there is a necessity to sell the lands. The statute intends that when the necessity is determined, the administrator shall take prompt action to obtain the license of the chancery court to make a sale of the realty. Promptness is enforced by another consideration, immediately upon the death of the ancestor the real estate descends to the heir, charged to be sure, with the debts, which is in the nature of a secret incumbrance. This charge follows the land in the hands of the alienee of the heir. Alienation of the land is embarrassed so long as the charge subsists. It is public policy deducible from the tenor of the statute law, that lands should not be tied up, or restrained from alienation for an indefinite time. Conveyance or descent from the heir or devisee, does not discharge the land from this tacit incumbrance; provided the creditor be not guilty of laches, in the pursuit of his right. An examination of the authorities will show that no definite rule can be laid down as to the time within which the creditor must initiate proceedings to subject the land, or

rather cause it to be done by the administrator. It would be reasonable, and less mischievous in its consequences, to allow a longer delay and indulgence where the heir or devisee continued the owner, than where the lands had been sold to an innocent purchaser. Stale demands, are not to be favored. If a creditor, with a knowledge of his rights, sets still, making do assertion of them until third persons act, as if no such claim existed, and acquire interest in the property by purchase, for their proctection it would not be unreasonable or unconsionable, to deny relief against the property, because of the staleness of the claim. A time is not prescribed by statute within which the administrator must bring his petition to sell, but he must not delay until the heir and devisee may have reason to suppose that there are no valid debts, and when a purchaser may fairly be supposed to have advanced his money, on the like confidence. The statute very clearly indicates that the sale must be made, when the condition of the personal assets has satisfied the administrator of the necessity. Clearly it must be shown that the debts against the estate are *prima facie*, valid. The law recognizes no distinction as to the merits of defenses, that may be asserted in bar of the creditor. The statute of limitations is as complete and effectual to cut off the right, as any other matter in bar. This is a suit brought by the administator, against the heirs, and purchasers from them. It is competent for these defendants to set up that the administrator, has lost by delay, the right to a sale, not on the idea of a technical proscription, but upon the footing that he has intervened for the benefit of creditors, and that the creditors have lost their remedy by the elapse of time. Moody v. Harper, 38 Miss., 622; Stone v. Wood, 16 Ill., 183; Hopkins v. McCann, 19 Ill., 116. Addressing itself to the question of what would be a proper time for such an application, it was aptly said by the court in Siddell v. McVickar, 6 Halst., 56 : " The time reasonable, according to the situation of one estate, would in another be very unreasonable." A safe rule would be to deny a license to the administor to sell, as to debts, barred at the

time of the application by the statute of limitations. Only so much of the real estate should be sold as is necessary to satify the creditors. If valid defenses, exist, the heir should be permitted to set them up. If only one claim shall be determined to be valid, and all other demands of creditors should be rejected as invalid ; the sale should only be authorized to be made of so much as will discharge that debt. The salutary doctrine on this subject is laid down in Moore v. White, 6 John., Ch. Rep., 385–6, and Exparte Allen, 15 Mass. R., 58, that if the claims of creditors are barred by the statute of limitations when the administrator files his application, then he comes too late. Especially ought that to be so after the lands have passed from the heir to a purchaser. In Exparte Allen, *supra*, it was held, that after the expiration of four years, that (being the period of the limitation of suits against an administrator,) the application comes too late, although creditors may not actually have been paid.

In this case, the heirs and their vendees controvert the right of the administrator to subject the land to sale, by demurrer, on the ground that the claims of creditors are barred. Enough does not appear on the face of the petition to pass finally on that question. It is not shown when the intestate departed this life; nor when the letters of administration were granted to the petitioner; nor when the debts enumerated in the schedule were severally contracted and became due. One of the creditors, Carroll, Hoy & Co., recovered a judgment against the administrator in 1867. When that claim was due, is not averred. The judgment did not bind the real estate with a lien, nor could any proceeding be taken at law to reach and subject the land in the hands of the heirs or their alienees. It would still be an open question, depending upon the peculiar circumstances, whether, notwithstanding the recovery of the judgment, a right remained with the administrator to sell the land. That judgment is not conclusive against the heirs. The authorities cited, hold that it is only *prima facie*, binding upon them. It is conclusive so far as the personal

estate might be implicated, but does not conclude the heirs from setting up opposition to it, when the lands are sought to be reached for its payment. That there may be a satisfactory conclusion reached as to the right to sell the real property, the exact condition of the estate, in the particulars before indicated, should be fully disclosed. The defendants can do that by answer. The vendees of the heirs may stand upon more favorable ground than the heirs might occupy if they were still the owners of the property.

Decree reversed, demurrer overruled, and cause remanded, with leave to defendants to answer in forty days from this date.