M. W. YANDELL ET AL. *v.* N. T. PUGH, ADMINISTRATOR DE BONIS NON.

1. ESTATES OF DECEDENTS. *Insolvency. Duty of administrator de bonis non.*
   Where an estate is insolvent in fact, and former administrators have failed to have it declared insolvent, it is the duty of the administrator *de bonis non* to have it so declared and administered as an insolvent estate, and the lands sold to pay debts.

2. SAME. *Statute of Limitations. Sale of land.*
   Creditors have the primary claim on the property, not exempt, of a decedent. Their rights are unaffected by lapse of time short of that which bars their claims; and, so long as there is a valid subsisting debt due from the estate, the heirs or devisees cannot defeat an application by the administrator to sell the land to pay debts, or to have the estate declared insolvent, on the ground of mere lapse of time.

3. SAME. *Suit stops running of statute. Judgment.*
   When an action is instituted against the administrator on a claim against the intestate, the Statute of Limitations stops running against the claim, the judgment is a merger of the claim and, so long as the judgment is not barred, it is a claim against the estate.

4. ESTATES OF DECEDENTS. *Judgment against administrator, how far conclusive.*
   A judgment against the administrator on a claim against the decedent is not conclusive against the widow and heirs, but is *prima facie* a valid charge upon the estate, and to be maintained as such, unless they show that the cause of action was not a valid claim against the decedent.

5. SAME. *Judgment. Statute of Limitations.*
   On an application to have the estate declared insolvent and the land sold to pay debts, the widow and heirs cannot go behind a judgment against the administrator to plead the Statute of Limitations to the cause of action as having barred it after judgment.

6. DOWER.  *One-third.  One-half.  Creditors.*

The widow's right to be endowed of one-third of the lands of her deceased husband is paramount to the claims of creditors, and her dower may be assigned at any time.  But where her claim is to be endowed of one-half of the lands in fee-simple, because he left no child or descendant of a child, any allotment of dower on this basis must be held subject to be defeated by a declaration of insolvency of the estate.

7. ESTOPPEL.  *Decree allotting dower.  Creditors.*

Mrs. S. was an heir of Y., and a judgment creditor of his estate.  To an application by the widow of Y. to be endowed of one-half of his land, because he died solvent, leaving no children nor descendants of them, Mrs. S., as heir, was made party defendant with her husband, and subsequently a decree made, endowing the widow of one-half the lands in fee-simple.  *Held*, on application of the administrator *de bonis non* of the estate for a decree of insolvency, and to sell the lands subject to the widow's dower of one-third for life, instead of one-half in fee-simple, that S. and wife were not estopped by the prior decree for dower in fee; and, if they were, the administrator *de bonis non* is not, and the land could be sold as prayed.

8. ESTATES OF DECEDENTS.  *Report of appraisers.  Decree of insolvency.*

The fact that the appraisers of a decedent's estate, in their report to the Probate Court, have suggested that a certain sum should be paid the widow for her support, is no objection to a decree of insolvency and for sale of the land, the suggestion requiring confirmation to be valid, and if now proper to pay her the sum, the proceeds of the land furnishing a fund with which to pay it.

9. DEED.  *Description of subject-matter.  Certainty.*

A tax-collector's deed, which describes the land conveyed as "200 acres in sec. 2, t. 12, range 1, east," is void for uncertainty in the description.

APPEAL from the Chancery Court of Yazoo County.

Hon. THOMAS WALTON, Chancellor.

The facts appear in the opinion of the court.

*A. M. Harlow*, for the appellants.                                    ‸

1. The right to declare the estate insolvent is barred by the Statute of Limitations.  *Bramlet* v. *Webb*, 11 S. & M. 439; H. & H. Dig. 407, § 76; *Parker* v. *Whiting*, 6 How. (Miss.) 360; *Moore* v. *White*, 6 Johns. Ch. 385; *Ex parte Allen*, 15 Mass. 58; *Ferguson* v. *Scott*, 49 Miss. 505; Code 1871, § 2155.

2. The decree awarding dower works an estoppel; so that the relief asked and decreed in this case cannot be granted.

3. The administrator *de bonis non* had no right to the relief granted. *Davis* v. *Brandon*, 1 How. (Miss.) 154. His commission extends only to the unadministered assets. *Kelsey* v. *Smith*, 1 How. 68; *Prosser* v. *Yerby*, 1 How. (Miss.) 146; *Stubblefield* v. *McRaven*, 5 S. & M. 130.

4. The tax deed vested title in Mrs. Yandell, or, if void for uncertainty, she at least had her lien for the taxes. Code 1871, §§ 1665, 1718; Acts 1876, pp. 157, 158.

5. The widow's allowance must be paid in full, notwithstanding the insolvency of the estate. 8 S. & M. 520; 30 Miss. 428; 27 Miss. 92.

*W. L. Nugent*, on the same side.

*A. H. Handy*, for the appellee.

1. The pleas of the Statute of Limitations were properly overruled. The claims are not barred.

2. The petition for declaring the estate insolvent was filed in due season, and was properly allowed by the decree.

3. The appellants' claim on account of the allotment of dower was subordinate to the claims of the intestate's creditors.

4. The tax-collector's deed was void for uncertainty in the description. If there was a lien for taxes paid, that was no reason why the land should not be sold.

5. For the same reason the allowance to the widow by the appraisers has no weight against the decree. She can be paid out of the proceeds of the sale.

6. The records of the two suits, offered to show the claims were barred *after* judgment against the administrator, were properly excluded.

7. Singleton and wife were not estopped by reason of being made respondents *as heirs* to the widow's petition for dower.

CAMPBELL, J., delivered the opinion of the court.

Burton Yandell died intestate, in Yazoo County, in the early part of the year 1867, leaving surviving him a widow, but no children nor descendants of them. Administration of his estate was devolved on the sheriff of Yazoo County, S. M. Dyer, on the 3d of April, 1867. Appraisers were appointed, who set apart to the widow, as exempt property, all of the personal property of the decedent, except articles amounting in value

to $101.50, and these were allowed to the widow as being necessary to her " comfort and maintenance ; " and besides this, the appraisers " suggested " as their belief that " an additional appropriation of $388.50 is necessary for her comfort and support, viz., 215 bushels corn, $365.50 ; 1 bbl. flour, $20 ; 15 lbs. sugar, $3."

This report of the appraisers was made to the Probate Court in April, 1867, but it does not appear what action, if any, was taken by the court upon it. On the 4th of April, 1867, the widow of Burton Yandell, deceased, petitioned the Probate Court of Yazoo County to be endowed of one-half in fee-simple of the lands of said decedent ; and on the 27th of June, 1867, a decree was made in accordance with said petition, commissioners were appointed, and an allotment of dower was made and confirmed by the court in due time, all as prayed by said petition.

No property of said intestate came into the hands of Dyer, the administrator, who ceased to be such on the 11th of April, 1871.

During Dyer's administration some claims were probated against said estate, and registered ; and on the 26th of May, 1868, a judgment was recovered by O. R. Singleton and Eliza Y. Singleton, executors, against Dyer, administrator, for $1,835.85, on a note of Burton Yandell, deceased ; and on the 6th of June, 1868, a judgment for $573.30 was recovered against Dyer, administrator, by Thomas C. Black on a claim against said decedent.

After Dyer ceased to be administrator, Heth, county administrator, had charge of the administration, but went out of office in January, 1874 ; and in January, 1875, N. T. Pugh was appointed administrator *de bonis non* of said estate, and in March, 1875, presented his petition, according to the statutes in such case made and provided, to have the estate of said decedent declared insolvent, and the land of which said decedent died seised and possessed sold, subject to the said widow's dower interest of one-third for life, instead of one-half in fee-simple, as had been decreed to her. The widow answered this petition, and denied that it should be granted, because her dower had been allotted to her by decree of the court, as aforesaid, in

a proceeding to which Dyer, administrator, and Singleton and wife were parties, Mrs. Singleton being one of the heirs of Burton Yandell, deceased; that this decree was conclusive of the widow's right to dower, as assigned, and especially was an estoppel to Singleton and wife as judgment creditors; that after the allotment of dower to her there were two hundred and seventy acres of land which might have been sold to pay the debts of the intestate, but no steps were taken to sell this land; and if the estate has become insolvent from neglect of the administrators and decline in value of the land, she should not suffer for it. She denied that her husband's estate was insolvent when he died. The answer further denied the right of the petitioner, as administrator *de bonis non*, to obtain a decree to sell any part of the land allotted to the widow as dower, because he is concluded by the decree for dower in a proceeding to which his predecessor, Dyer, was a party; and the answer pleads that neither the probated and registered claims, nor the causes of action on which the two judgments mentioned were rendered, accrued to the several creditors within either three or six years next before the petition was filed. The answer further insisted that, because three years had elapsed after the first grant of administration before this petition was filed, no decree of insolvency can be rendered; and, in addition to this, averred that the $388.50, suggested by the appraisers as necessary for her comfort and support, in addition to what they set apart to her, was never paid to her; and that two hundred acres of the two hundred and seventy acres remaining of the land of her husband after the allotment of her dower were sold for taxes and bought by her on the 8th of August, 1871, and she claims the land thus purchased by her; and she has paid all taxes on that since her purchase.

L. Yandell, a brother of Burton Yandell, pleaded to said petition, 1, That neither the claims probated nor the causes of action on which said judgments against Dyer, administrator, were rendered accrued within *three* years next before the filing of said petition; 2, That more than *three* years had elapsed since Dyer was appointed administrator, and before this petition was filed; 3, That neither the probated claims

nor the causes of action on which the judgments were rendered accrued within *six* years before filing this petition; and, 4, That none of said claims nor the causes of action on which said judgments were rendered accrued within *seven* years next before the petition was filed.   These pleas of L. Yandell were overruled, and he did not answer.

The answer of M. W. Yandell was accompanied by a transcript of the proceedings for her dower, and a copy of the deed of the tax-collector, conveying to her the two hundred acres of land mentioned as purchased by her on the 8th August, 1871.   On the hearing of the case upon petition and answer and exhibits, M. W. Yandell offered both parol and record evidence to show that the several causes of action on which the two judgments against Dyer, administrator, were rendered, although not barred by limitations when actions were instituted against Dyer, were barred at the time of filing this petition to decree the estate insolvent.   This evidence was objected to by petitioner and excluded by the court, and this was excepted to by the defendant, M. W. Yandell.

The Chancellor decreed that the estate is insolvent, and that the widow is entitled to be endowed of one-third of the lands for her natural life; that all of the personal estate, not exempt and not set apart to the widow, be sold; that the five hundred and forty acres of land be sold, subject to the widow's right to be endowed, as aforesaid; and that she is not entitled to hold any of said land by virtue of the tax deed set up in her answer.   From this decree M. W. Yandell, the widow, and L. Yandell, appealed.

The errors complained of are the rulings of the court upon the defence of the several statutes of limitation of three, six, and seven years; in excluding inquiry into the causes of action on which the judgments against Dyer, administrator, were rendered with reference to the Statute of Limitations; in not regarding the decree for dower in 1867 as conclusive of the widow's rights in this case; in ignoring the widow's right to the " allowance " of $388.50, made to her by the appraisers; in declaring her tax title void, and not declaring a lien in her favor for the amount bid by her at the tax sale and all subsequent taxes on said land paid by her, with interest and damages.

The Chancellor decided correctly upon the questions made as to the Statutes of Limitations, in excluding the inquiry whether the notes on which the judgments against Dyer, administrator, were rendered were barred at the time of the filing of this petition by Pugh, administrator *de bonis non*, and in holding that the former decree for dower did not bar this petition. It is not true that three, six, or seven years will bar an application to have an estate declared insolvent, or to sell land to pay debts. Neither period is *per se* a bar. It may or may not be according to circumstances. Sometimes a less period than three years may bar an application. As long as there is a valid and subsisting debt due from the estate no one claiming as an heir or dowress of the decedent can successfully object to an order to sell the land or decree the estate insolvent on the mere lapse of time. *Ferguson* v. *Scott*, 49 Miss. 500.

Creditors have the primary claim on all the property of decedent not exempt by law from the claims of creditors, and their rights are unaffected by lapse of time short of the period which bars their claims. Ibid.

The administrator represents the decedent, and he is the person against whom all actions must be brought to recover for any demands against the intestate; and when an action is instituted against him on such claim, the Statute of Limitations no longer runs against it, and a judgment is a merger thereof, and, as long as the judgment is not barred by the Statute of Limitations, it is a claim against the estate, not conclusive against heirs or the widow, but *prima facie* a valid charge upon the estate and to be maintained as such unless they show that the cause of action was not a valid claim against the decedent. Ibid. They cannot go behind the judgment to plead the Statute of Limitations to the cause of action as having barred it after judgment.

The decree for dower in one-half of the land in fee-simple was rendered on the petition of the widow, soon after the death of her husband, and before the insolvency of his estate was known. It in no manner affected the right of creditors to have the administrator sell the land through a proper proceeding, when the necessity for it was shown. Creditors were not parties to the petition for dower, had no right to object to

it, and could not be estopped by it. Singleton and wife were parties defendant to the petition for dower, because Mrs. Singleton was an heir of Burton Yandell, Singleton being joined on account of his wife; but they are judgment creditors of the estate in their character of personal representatives of William M. Yandell, deceased, and were not precluded by the decree for dower; but if they were, Pugh, the administrator *de bonis non*, is not.

It would be strange if a decree for dower, made a few weeks or months after the death of the husband, upon the assumption of the solvency of the estate, wherefore the husband having left no child nor descendant of one, a fee-simple in one-half his lands had been decreed to the widow, should be held conclusive of her rights against creditors, and no authority can be found for such a position.

The widow's right to be endowed of one-third of the lands of her deceased husband is paramount to the claims of creditors, and her dower may be assigned at any time; but where her claim is to be endowed of one-half of her husband's lands in fee-simple, because he left no child or children, nor descendant of them, and his estate is solvent, any allotment of dower on this basis must be held subject to the contingency of being defeated by a declaration of the insolvency of the estate. A widow's right to be endowed in fee-simple of one-half of the lands of which her husband died seised and possessed, or which he had before conveyed otherwise than in good faith and for a valuable consideration, and whereof she had not relinquished her right of dower, is dependent on the conditions that he died without child or children, or descendant of them, and that his estate is solvent. Whether it is solvent or insolvent can be certainly known only at the end of the administration, or after the time when all claims against the estate are barred by the Statutes of Limitation.

It was not error to direct the land to be sold without reference to the claim of the widow that the $388.50 "suggested" by the appraisers as an additional allowance to her was still due. First, because it does not appear that the suggestion of the appraisers was adopted by the Probate Court; and, secondly,

because if it is proper now to pay the widow that sum, the proceeds of the sale of the property ordered to be sold will constitute a fund from which to pay it, and if her claim is valid it is no objection to the decree rendered.   The record warrants the belief that the estate was insolvent when the decedent died, and as no step was taken by former administrators to have it so declared, it was the duty of Pugh, administrator *de bonis non*, to do so.

The tax-collector's deed to Mrs. Yandell, under which she asserts claim to two hundred acres of the land, is void for uncertainty in its description of the land sold.   It is " two hundred acres in sec. 2, T. 12, Range 1 East."   This indicates no particular part of section two.   Therefore it was right not to decree a lien in Mrs. Yandall's favor for the purchase-money, &c., as claimed.   It is not possible to make a lien on that which cannot be ascertained.

This disposes of the several errors assigned, and the decree must be                                                                     *Affirmed.*