Statement of the case.

ELLEN TIERNEY v. KING BROWN ET AL.

1. DEED. *Insufficient description of land.*

· A description of land in a deed, as "Part of S. E. ¼, Sec. 5, T. 14, R. 4
E.," is void, because it indicates no particular part of the subdivision
mentioned.

2. SAME. *Good description of land.*

But the description, "South part of Sec. 5, T. 14, R. 4 E., 225 acres," in a
deed, is sufficiently certain, as the quantity of land specified may be laid
off in a strip of equal depth north of the southern boundary line of the
section.

3. TAX ASSESSMENT. *Land stricken from list of State lands. Act of March 5,
1880.*

Where a tract of land appearing upon the assessment roll of 1879 as be-
longing to the State was, in pursuance of an act of the legislature, ap-
proved March 5, 1880, stricken from the list of lands held by the State
for taxes, and the assessment roll changed by the substitution of the word
"Unknown" for "State," in the column of names of owners, no additional
assessment of such land was necessary, under the requirement of that act
that there should be a new assessment of land in such case, "if not already
assessed," but the original assessment amended as indicated was sufficient
to support a subsequent sale for taxes.

4. SAME. *Approval by Board of Supervisors. Presumption as to time of meeting.*

The approval of an assessment roll by the board of supervisors at a time
when there could be no regular meeting of such board, is presumed to
have been at a legally called special meeting, in the absence of an affirm-
ative showing to the contrary.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

This is an action of ejectment, brought, Sept. 26, 1887, by
Ellen Tierney against King Brown, for the possession of a tract
of land described in the plaintiff's declaration, as " the south
part of section five, in township fourteen, range four east, con-
taining two hundred and twenty-five acres, more or less," and
lying in Warren County of this State. Louisa C. Edwards was
admitted as landlord to defend the action, and pleaded " not

guilty, as to a part of the premises claimed by plantiff in her declaration, to wit : the southeast quarter of section five, township fourteen, range four east, in said county."

At the trial the plaintiff first offered in evidence, properly authenticated, a list of the lands sold to the State, March 7, 1881, by the tax collector of Warren County, for the taxes due thereon for the year 1880; which list embraced a tract of land with the same description as that contained in the plaintiff's declaration. Next, the plaintiff introduced in evidence a deed made by the Auditor of Public Accounts, dated January 18th, 1883, and purporting to convey to George M. Klein a certain tract of land, by the same description as that contained in the list of lands referred to. Then the plaintiff presented in evidence a deed, executed by the sheriff of Warren County, June 24th, 1887, purporting to convey to Ellen Tierney a tract of land, described as " south part of section five, township fourteen, range four, east, containing about two hundred and twenty-five acres; also part of S. E. ¼ of Sec. 5, township 14, range 4, east, said land being in the County of Warren, State of Mississippi." This deed recites that the land therein referred to was sold by the sheriff, under an execution issued, May 28th, 1887, upon a judgment rendered on the 11th day of December, 1883, in favor of Ellen Tierney and against George M. Klein. The plaintiff also adduced in evidence the assessment roll of lands in Warren County for the year 1879, which shows an assessment of " S. part of Sec. 5, T. 14, range 4 E., 225 acres," and " P't of S. W. ¼, Sec. 5, T. 14, range 4 E., 45 acres " to the " State of Mississippi," as owner; and which also shows an assessment of " P't of S. W. ¼, Sec. 5, T. 14, range 4 E., 56 acres," to A. D. Sandford, as owner. This assessment roll also shows under the caption, "Remark," the following: " Unknown owners—purchased by Geo. M. Klein, January 18th, 1883." The last evidence introduced by the plaintiff was a part of the minutes of the Board of Supervisors of Warren County showing that, on the 13th of Oct., 1879, the " Board met pursuant to adjournment," and made an order reciting that, " The assessment rolls having been returned to the September term of this board, and action deferred until this term for examination and correction, and having been examined by the

board at this term, and corrections and equalizations made, the said assessment rolls are now accepted," etc.

The bill of exceptions recites that, " The defendant then offered the following evidence :

" 1st. The minutes of the board of supervisors in July, 1875, showing that said board met on July 5th, 1875, and continued in session till the 14th day of said month, and on the said 14th day approved the assessment roll of lands of said Warren County.

" 2d. The list of lands returned by the State Auditor to the Chancery Clerk of Warren County, pursuant to the act of the legislature, entitled ' An Act to systematize the records of state tax lands, facilitate tax collections, and for other purposes,' approved March 5th, 1880, showing that said S. P't, Sec. 5, T. 14, R. 4 east, 225 acres, assessed as state lands on the roll of 1879, was omitted or stricken off under said Act.

" 3d. The additional assessment of 1880, of the indefinitely described lands, on which this land does not appear.

" 4th. The minutes of the board of supervisors on Monday, November 29th, 1880," showing the return of an additional assessment of land other than that here in controversy. And the bill of exceptions states that, "There is no other reference in any minutes of said board to said additional assessment of 1880."

The court, to whom the case had been submitted for trial, a jury having been waived, rendered a judgment for the defendants, " as to the said southeast quarter of section five, township fourteen, range four east." And thereupon the plaintiff appealed.

*Wade R. Young*, for the appellant.

The plaintiff exhibits a title which is *prima facie* valid.

The defendant contends that the title is invalid because—

1st :—The land was not included in the additional assessment of 1880, of indefinitely described lands.

2d. The description was too vague and indefinite to operate as conveyance of title.

1. The Act of 1880 provides :

" And the Assessor of the County shall assess such lands at such valuation as he may deem just, and they shall be added to the assessment roll of the lands, if not already assessed,

and for this assessment the Assessor shall be paid at the same rate as for the regular assessment."

It was argued for the defendant, and decided by the court, that in compliance with the requirement of this Act, a new and additional assessment was indispensable, and as the land did not appear on the additional roll of indefinitely described lands, and as the minutes of the board did not show that such additional assessment was corrected and approved, there was no valid assessment as a basis for the proceedings.

The vice of this argument consists in ignoring, or disregarding the letter and the spirit of the Act.

The letter of the Act does not make a new and additional assessment indispensable, but provides that the Assessor shall assess such lands at such valuation as he may deem just, and they shall be added to the assessment roll of the lands, "if not already assessed."

The Act was remedial, and it could not have been the intention of the law to require a new assessment of lands already assessed. If the land was not already validly assessed, it was made the duty of the Assessor to assess it at such valuation as he might deem just, and to add it to the assessment roll of lands.

If the land was already validly assessed, it was made the duty of the Collector to proceed to collect the taxes thereon.

The land was assessed on the roll of 1879, and the assessment was corrected and approved by the board.

If that assessment was valid, the land was in contemplation of law, already assessed, and it would have been unnecessary for the Assessor to assess it at such valuation as he might deem just, and to add it to the roll.

The land was assessed in compliance with the law, and the assessment was valid.

The Assessor finding the land already validly assessed, described and valued, made no additional assessment, except to insert the words "unknown owners" under the head of remarks.

The Collector, in obedience to the requirements of the Act, proceeded to collect the taxes, and sold the land to the state for the delinquent taxes of the year 1880.

If the title so conveyed was not valid, it was because the

Act of 1880 required an additional assessment of lands which were already validly assessed.

2. The Act of 1876, re-enacted in 1878, and embodied in Section 491 of the Code of 1880, makes ample provision for any uncertainty in the description of the land.

The description is, " south part of Sec. 5. T. 14, R. 4. E. 225 acres." The land could be easily located by reference to the titles. *Dunlap* v. *Richardson*, 63 Miss., 447.

The assessment roll of 1879, shows that the land in dispute embraces the S. E. qr., being the whole of that quarter and so much of the S. W. qr. as is not assessed to others.

*Birchett & Gilland*, for the appellees.

The Circuit Court was compelled to decide the case as if appellant had sued for land described as The South Part of Section 5, Township 14, Range 4 East, containing 225 acres.

That description being utterly insufficient to base any action on, the court necessarily rendered judgment for the defendant or appellee. *Brown* v. *Guice*, 46 Miss., 299 ; *Cogburn* v. *Hunt*, 54 Miss., 675.

It would be impossible to locate the 225 acres sued for.

They might include, all the S. E. $\frac{1}{4}$ and part of the S. W. $\frac{1}{4}$, or all the S. W. $\frac{1}{4}$ and part of the S. E. $\frac{1}{4}$, or parts of both S. E. $\frac{1}{4}$ and S. W. $\frac{1}{4}$.

That they *do not* embrace all the S. E. $\frac{1}{4}$ of Section 5, see the sheriff's deed to appellant, where the lands attempted to be conveyed are described as " South Part of Section 5, * * * containing about 225 acres, *also part of S. E. $\frac{1}{4}$ of Section 5*," in same township and range.

In the first place, appellant must claim through her sheriff's deed, without any reference to the previous tax titles for a description. That deed describes the land as " South part of Section 5, township 14, range 4 east, containing about 225 acres, also part of S. E. $\frac{1}{4}$ of Sec. 5, township 14, range 4 east."

If appellant had sued Klein for the land under that title, she could not have recovered *from him* on account of the *patent ambiguity*, and what greater or more rights can she have or claim against appellee? *Brown* v. *Guice*, 46 Miss., 299 ; 54 Miss., 675.

The sale was *in invitum*, and there was no *aggregatio men-*

*tium*, and she can claim and take only what she got by the strict terms of that deed. *Bowers* v. *Andrews*, 52 Miss., 597.

The rule of Caveat Emptor applies.

In the second place, Klein had no title, because the tax title under which appellant claims that Klein owned the land, *was void*. The land was assessed to the State in 1879, and the sale in 1881, if made under that assessment, was void.

*Redmond* v. *Banks*, 60 Miss., 293.

And that is the only assessment under which it could have been made, for this land does not appear on the additional assessment of 1880 of the indefinitely described lands stricken off or omitted by the Auditor, which assessment was *not* approved by the Board of Supervisors.

Nor can the title be referred to any sale for taxes prior to the sale of 1881, because the omission of this land by the Auditor, under the 2d Section of the Act of 1880 (page 88), operated to cancel whatever claim or title the State then had.

And by such omission, a re-assessment of the lands became necessary in order to render them liable to a sale for taxes thereafter.

Again, the assessment of 1879 was *illegal and void*, because the Roll was not approved by the Board of Supervisors at a legal session of that body. The Board was then by law allowed to sit only *four days* at the regular October term. Code of 1871, Sec. 1353.

The Board met by law in regular session on the first Monday of October, 1879 (Code of 1871, Sec. 1353), which was the 6th day of the month, and sat seven days before approving the Roll, which it did on Monday, October 13th.

So that a sale for taxes under that assessment conveys no title. *Bowman* v. *Roe*, 62 Miss., 513.

Then, again, even a sale of said land for taxes would have been void for want of a definite description. *Brown* v. *Guice*, 46 Miss., 299. It will not do to say that you can prove by parol what land was meant, because this land was sold by the said indefinite description as the land of "unknown owners," and you cannot show what lands the unknown owners owned in said section; and besides there are assessed on the Roll of 1879 a

much larger number of acres in the south half of section five than it contains, to wit, 371 acres instead of 320.

ARNOLD, C. J., delivered the opinion of the Court.

The contest is over the SE ¼ of Sec. 5, T. 14, R. 4 E. In one of appellant's muniments of title, it is described as part of SE ¼ Sec. 5, T. 14, R. 4 E. This description indicated no particular part of the subdivision named, and is therefore fatally defective and void. *Yandell* v. *Pugh*, 53 Miss., 295 ; *Bowens* v. *Andrews*, 52 Id., 596 ; *Cogburn* v. *Hunt*, 54 Id., 675 ; *Dingey* v. *Paxton*, 60 Id., 1038. But the land claimed by appellant is also described as south part of Sec. 5, T. 14, R. 4 E., two hundred and twenty-five acres. This description is not void for uncertainty. It is easy enough to lay off two hundred and twenty-five acres of the south part of a given section. Such description is good to convey two hundred and twenty-five acres, to be laid off in a strip of equal depth in the southern part of the section, the southern boundary of the whole section being the base line for the measurement. *Goodbar* v. *Dunn*, 61 Miss., 618 ; *Enochs* v. *Miller*, 60 Id., 19 ; *McCready* v. *Lansdale*, 58 Id., 879 ; *Bowers* v. *Chambers*, 53 Id., 259.

So that, treating part of the S E ¼ Sec. 5, T. 14, R. 4 E., as void for uncertainty, still a part of the land in controversy, at least, may be embraced in the other description—the south part of Section 5, T. 14, R. 4 E., two hundred and twenty-five acres.

The list of land sold to the state is *prima facie* evidence that the assessment and sale of the land for taxes was valid, and there is nothing in the record that contravenes this evidence. The land having been assessed to the State in 1879, and afterwards omitted, under the act of 1880, from the list of lands belonging to the state, it was not necessary, as far as the record shows, that it should be re-assessed, in order to sell it for the taxes of an unknown owner, in 1881. *Gwynn* v. *Richardson*, 3 Southern Reporter, 579. The assessment of 1879 was valid, except as to the name of the owner, and it does not appear that more was done towards omitting or striking the land from the tax roll as state land, than to erase the name of the state as owner from the roll, and insert " unknown" in lieu thereof as to the ownership.

It is true that the meeting of the Board of Supervisors in October, 1879, at which they accepted and approved the land roll, was not at a time authorized by law for a regular meeting, but it is not shown that it was not a special meeting such as might have been legally called and held at that time, and meetings of Boards of Supervisors not affirmatively shown to have been illegal, are presumed to have been legal. *Corburn* v. *Crittenden*, 62 Miss., 125; *Brigins* v. *Chandler*, 60 Id., 862.

*The judgment is reversed and the cause remanded.*